Filed 6/13/14 In re A.M. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | B248434 (Los Angeles County Super. Ct. No. CK96692) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.M.,<br><br>Defendant and Appellant;<br><br>A.M. et al.,<br>Respondents. | **ORDER MODIFYING OPINION**<br>**and**<br>**DENYING PETITION FOR REHEARING**<br><br>[no change in judgment] |

THE COURT:

IT IS ORDERED that the opinion filed in the above-captioned matter on May 29, 2014, be modified as follows:

On page 4, line 7, delete the sentence beginning with "Father has not challenged the jurisdictional findings . . ." and replace with:  Father has not challenged the jurisdictional findings as to mother.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

BIGELOW, P. J.              FLIER, J.              GRIMES, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | B248434 |
| | (Los Angeles County Super. Ct. No. CK96692) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>E.M.,<br><br>　　　　　Defendant and Appellant;<br><br>A.M. et al.,<br>　　　　　Respondents. | |

　　　　Appeal from an order of the Superior Court of Los Angeles County.  Donna Levin, Juvenile Court Referee.  Dismissed.

　　　　Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Marissa Coffey, under appointment by the Court of Appeal, for Respondent Minors A.M. and E.M., Jr.

Lori Siegel, under appointment by the Court of Appeal, for Respondent Minor R.M.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent Los Angeles County Department of Children and Family Services.

\* \* \* \* \* \*

E.M., Sr. (Father) appeals from the juvenile court's jurisdiction and disposition order of February 28, 2013.  As we explain, we conclude the appeal has been rendered moot by the juvenile court's termination of jurisdiction, and therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and C.P. (mother) have three minor children, A.M., E.M., Jr., and R.M.  Mother also has another son (J.P.) with a different father.  Father resides with the paternal grandmother, and mother lives separately with the children.  However, the children, particularly E.M., Jr., and A.M., regularly stayed with father and paternal grandmother.  Mother and father were involved in a custody dispute with pending family law proceedings.

In November 2012, the Los Angeles County Department of Children and Family Services filed a petition pursuant to Welfare and Institutions Code section 300, subdivisions (a), (b) and (j), stating allegations against both father and mother.  The children were not detained.  A.M. and E.M., Jr. were placed with father on the condition they reside in the home with the paternal grandmother, and R.M. and J.P. were placed with mother.  The court ordered appropriate family maintenance services and visitation.

At the jurisdiction and disposition hearing held February 28, 2013, mother pled no contest to inappropriate discipline (counts a-1 and a-2), failure to supervise (count b-4), and abuse of a sibling based on the same acts of inappropriate discipline set forth in counts a-1 and a-2, namely slapping with a hand or belt (counts j-1 and j-2).  The court sustained the petition on those grounds as to mother and dismissed counts b-1 and b-2.

4

As to father, the court sustained the petition as pled in count b-3 which stated, in relevant part, that father "has a history of methamphetamine, cocaine and alcohol abuse, and is a current abuser of alcohol, which renders the father incapable of providing regular care for the children. On prior occasions in 2012, the father was under the influence of alcohol while the children were in the father's care and supervision. The father's alcohol abuse endangers the children's physical and emotional health and safety and places the children at risk of physical harm and damage."

J.P. (who is not father's child) was placed with mother. Father's children, A.M., E.M., Jr. and R.M., all requested placement with mother because of the children's expressed concerns with father's drinking. R.M. requested that visitation with father only be allowed if monitored. The court ordered all children placed with mother and ordered visitation for father.

On March 15, 2013, father filed this appeal, contending that both the court's jurisdictional finding as to him, as well as the court's dispositional order removing the children from his custody were not supported by substantial evidence.

On January 24, 2014, this court, at the request of R.M., A.M. and E.M., Jr., ordered the appointment of appellate counsel for the minors as the proper party respondents. The minors subsequently filed respondents' briefs contending the juvenile court's jurisdiction and disposition orders were supported by substantial evidence.

Respondent minors A.M. and E.M., Jr., filed a request for judicial notice of the juvenile court's February 19, 2014 order terminating dependency jurisdiction over all four minors. On March 3, 2014, this court treated the minors' request as a motion to augment the record and granted it. The juvenile court's order terminating jurisdiction reflects that the court issued family law exit orders granting sole legal and physical custody of A.M., E.M., Jr., and R.M. to mother and granted father monitored visitation with all three minors. (Jurisdiction was terminated without exit orders as to minor J.P.)

On April 7, 2014, this court requested supplemental letter briefs from the parties on the question of whether this appeal should be dismissed as moot in light of the juvenile court's termination of jurisdiction. Father responded with a letter brief arguing

for resolution of the appeal on its merits, the Department indicated it was not taking a position on the court's intent to dismiss as moot, minors A.M. and E.M., Jr. concurred in this court's intent to dismiss, and R.M. did not file a letter brief.

## DISCUSSION

Father challenges the jurisdictional finding as to him pursuant to Welfare and Institutions Code section 300, subdivision (b), and the disposition order removing A.M., E.M., Jr., and R.M. from his custody and placing them with mother. Father has not challenged the jurisdictional findings as to mother, nor has he appealed from the juvenile court's subsequent order terminating dependency jurisdiction and issuing exit orders pursuant to section 362.4. We conclude this appeal is properly dismissed as moot.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.) The termination of dependency jurisdiction by the juvenile court, while an appeal of an interim ruling by the juvenile court is pending, moots the appeal. (*In re Michelle M*. (1992) 8 Cal.App.4th 326, 329-330.)

The appellate court may find, in a given case, that the appeal is not mooted " '*if* the purported error is of such magnitude as to infect the outcome of [subsequent proceedings] *or* where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis.' " (*In re Joshua C*. (1994) 24 Cal.App.4th 1544, 1547, quoting *In re Kristen B*. (1986) 187 Cal.App.3d 596, 605; accord, *In re Dani R*., *supra*, 89 Cal.App.4th at p. 404.) An appellate court may also "exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review." (*In re Yvonne W*. (2008) 165 Cal.App.4th 1394, 1404.)

We are not persuaded there is any error of "such magnitude" that the family court proceedings would be prejudicially "infected" against father so as to warrant resolution of

the merits of this appeal. Father's appeal from one of the jurisdictional findings is not only moot due to the termination of jurisdiction, but it was nonjusticiable from the outset because father did not appeal from the jurisdictional findings as to mother. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) As for the dispositional order removing the children from father's custody, though we will not recite here all the facts supporting the removal order, we note there was substantial evidence in the reports of the Department that father's long-term alcohol abuse placed the children at substantial risk of harm. (*In re R.V.* (2012) 208 Cal.App.4th 837, 849.) If father's circumstances change, or have changed, the family law court is the proper court in which father may seek a change in custody and/or visitation rights.

## DISPOSITION

The appeal filed March 15, 2013, is dismissed as moot in light of the juvenile court's termination of dependency jurisdiction during the pendency of this appeal.


GRIMES, J.

We concur:

BIGELOW, P. J.


FLIER, J.

7