Filed 9/19/14  In re J.F. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.F., a Person Coming Under the Juvenile Court Law. | B255646 (Los Angeles County Super. Ct. No. CK87457) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>N.D. et al.,<br><br>    Objectors and Respondents. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Connie R. Quinones, Judge.  Dismissed.

Roni Keller, under appointment by the Court of Appeal, for Appellant Minor.

John F. Krattli, County Counsel, Kristine P. Miles, Principal Deputy County Counsel, for Plaintiff and Respondent.

No appearance by Objectors and Respondents.

## INTRODUCTION

J.F., a minor, appeals from the juvenile court's order granting the request of counsel for Jonathan F., his father (father),[1] to be relieved as counsel of record. J.F. contends that the juvenile court erred by granting the request because father was not provided with notice of the request, and the request was made without good cause. We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2011, plaintiff and respondent Department of Family and Children's Services (Department) filed a so-called "not detained" petition on behalf of 17-month-old J.F. pursuant to Welfare and Institutions Code[2] section 300, subdivisions (b) and (g). The petition allegations were made regarding the conduct of father and N.D. (mother). As to father, it was alleged that he failed to provide J.F. with the necessities of life, his whereabouts were unknown, and therefore J.F. was placed at risk of physical harm and damage. On April 27, 2011, the juvenile court ordered the Department to present evidence of its attempts to locate father; and on May 6, 2011, the juvenile court ordered the Department to submit an "in/out removal order for father for 05/09/11."

On May 9, 2011, father "appeare[d] in custody" at a hearing in this matter and was appointed counsel. Father also filed a statement of parentage stating that he lived with J.F. from the time of his birth to January 2010; told friends, family, and co-workers that J.F. was his child; and provided J.F. with the necessities of life.

---

[1]  Father is not a party to this appeal.

[2]  All further statutory references are to the Welfare and Institutions Code.

On July 6, 2011, the petition was sustained on the allegations involving mother. The juvenile court dismissed the allegations involving father, and placed J.F. in the home of mother.

Father appeared for the August 1, 2012, and January 30, 2013, section 364 hearings. Although the juvenile court found that proper notice had been given for a March 13, 2013, contested section 364 hearing, father did not appear at that hearing.

On May 16, 2013, father called the children's social worker (CSW) to inquire how J.F. was "doing." Father told the CSW that he continued to reside at the same address, but provided the CSW with a new cellular telephone number because his cellular telephone number had changed. Father stated that he had resumed making himself available to his probation officer and participating in a 52-week parenting class. He stated that it was a challenge to schedule a date and time to visit J.F. because father worked six days a week and dedicated his day off to the "Cal Trans hours" he had to "acquire."

On September 18, 2013, the group home where the mother and J.F. resided reported that on at least one occasion during the prior "period of supervision," father had called to talk with J.F. by telephone, and had "dropped some money and supplies off" for J.F. at the home of J.F.'s maternal grandfather. The CSW stated in the Department's September 18, 2013, status review report that, "[Father] has made limited efforts to inquire regarding [J.F.'s] well being and in keeping [the Department] updated regarding [father's] whereabouts during this period of supervision and the quantity of his contact with [J.F.] has been little to none. Further, he is no longer in compliance with his Terms of Probation."

Father did not appear for the next section 364 hearing held on September 18, 2013.[3] The juvenile court found that proper notice had been given for that hearing date.

---

[3] J.F. asserts that father was not given notice of the hearing, but J.F.'s citation to the record does not support his assertion. As noted above, the record provides that the juvenile court found that "notice of the proceedings has been given to all parties as required by law."

Because mother requested a contested hearing, the matter was continued to November 12, 2013, and the juvenile court ordered that notice of that hearing be given to father.

Father did not appear at the November 12, 2013, contested section 364 hearing. The juvenile court found that proper notice had been given for that hearing date.

On April 4, 2014, father's counsel made a "Walk-on Request" to be relieved as father's counsel of record because the office of father's counsel "has had no contact with [father] for over a year (January 30, 2013)." The matter was set for hearing on April 11, 2014, but the hearing was ultimately continued on the court's own motion to April 14, 2014.

J.F. filed an opposition to the request by father's counsel, asserting that the request was a misuse of the "'walk-on' ex parte" process, father was not provided with notice of the request, and the request is not supported by good cause. On April 14, 2014, the juvenile court granted the request of father's counsel. On April 15, 2014, J.F. filed a timely notice of appeal.

## DISCUSSION

J.F. contends that the juvenile court erred in allowing father's counsel to withdraw as father's counsel of record because notice of the request was not provided to father, and the request was made without good cause. On July 14, 2014, the juvenile court issued an order terminating jurisdiction. We therefore asked the parties to submit letter briefs addressing whether the appeal is moot because jurisdiction was terminated. The Department contends the appeal is moot, and J.F. contends that it is not or that we should exercise our discretion and reach the merits of the appeal. We agree with the Department.

It is our duty is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "'[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment

4

which can be carried into effect . . . . [W]hen, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'" (*Consol. Etc. Corp. v. United A. Etc. Workers* (1946) 27 Cal.2d 859, 863, quoting *Mills v. Green* (1895) 159 U.S. 651, 653.) "A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.) As a general rule, termination of juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488) because, even if the appellate court were to find reversible error, it could afford no direct relief. (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.) The appeal here is moot because the juvenile court terminated jurisdiction and any decision we might render regarding this appeal cannot be carried into effect.

On July 11, 2014, J.F. filed a notice of appeal concerning the juvenile court's order terminating jurisdiction.[4] J.F. contends therefore that the appeal is not moot because the juvenile court's order is not final.[5] It is speculative, however, whether J.F. will be successful in his appeal of that order. In addition, "[W]here a judgment dismissing the dependency action is challenged on appeal the case 'is not moot *if* the purported error is of such magnitude as to infect the outcome of [subsequent proceedings] *or* where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis.' [Citation.]" (*In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547-1548 [juvenile court's

---

[4]    J.F. requests that we take judicial notice of his notice of appeal filed on July 11, 2014, appealing the juvenile court's order terminating jurisdiction and denying a request to continue jurisdiction. We grant the request.

[5]    J.F. concedes that the notice of appeal is premature, but contends that this "is easily cured by either the liberal interpretation of this Court under California Rules of Court, Rule 8.400(c)(2), or by a timely filing of a new notice of appeal . . . ."

5

order terminating jurisdiction did not render the appeal to be moot when the appeal concerned the propriety of continuing orders relating to custody and visitation.)  Here, the juvenile court's order granting the request of counsel of father's counsel to be relieved as counsel of record does not affect the outcome of subsequent proceedings.  If a subsequent juvenile court proceeding occurs relating to J.F., father may retain counsel, or if qualified, seek appointment of counsel, in that subsequent proceeding.  The order allowing father's counsel to be relieved as counsel of record also in no way undermines the juvenile court's initial jurisdictional finding.

J.F. also contends that we have the discretionary power to reach the merits of the appeal, notwithstanding mootness, because the issues he asserts in his appeal—"the prerequisites [for] granting leave to withdraw as counsel of record" and the "proper exercise of judiciary discretion and constitutional constraint"—is "of sufficient importance and of continuing interest."  These issues are not of sufficient importance and of continuing interest so as to warrant our reaching the merits of the appeal notwithstanding that the matter is moot.  We decline to exercise such discretion.

**DISPOSITION**

We dismiss the appeal as moot.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J., Acting P. J.

We concur:


KRIEGLER, J.


MINK, J.*

---

*      Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.