24 Cal.App.4th 1544 (1994)
30 Cal. Rptr.2d 10
In re JOSHUA C. et al., Persons Coming Under the Juvenile Court Law.
SAN JOAQUIN COUNTY DEPARTMENT OF HUMAN SERVICES, Plaintiff and Respondent,
v.
WAYNE C., Defendant and Appellant.
Docket No. C016398.
Court of Appeals of California, Third District.
May 11, 1994.
*1545 COUNSEL
Theodore S. Goodwin for Defendant and Appellant.
John S. Cheadle, County Counsel, Steven B. Bassoff and Carol Dahle Stiles, Deputy County Counsel, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
*1546 OPINION
RAYE, J.
In this appeal we address the question of whether dismissal of a dependency action at the dispositional hearing renders the case moot, preventing review of findings upon which continuing orders for custody and visitation are based. We conclude it does not.
Wayne C., the minors' father, appeals from juvenile court orders following a dispositional hearing establishing custody and visitation and terminating the dependency case. The dependency petitions alleged appellant sexually abused his daughter, Stacey (Welf. & Inst. Code, § 300, subd. (d)), and that her twin brother, Joshua, was at substantial risk of suffering similar harm. (Welf. & Inst. Code, § 300, subds. (d), (j).)
Appellant contends there was insufficient evidence to support the jurisdictional findings as to Joshua and the juvenile court erred by refusing to grant certain discovery orders thereby denying him due process. Respondent contends these issues cannot be reached as dismissal of the dependency action rendered the appeal moot.

FACTS
Following filing of the dependency petitions, the 10-year-old children were detained and placed in the custody of their mother who had previously separated from appellant in their pending divorce.
Appellant moved to compel the children to submit to psychiatric examinations. He argued the examinations were necessary to support his claim the children's mother coerced them into accusing him of molestation and to assess whether their diagnosed posttraumatic stress disorder was a result of molestation or the dissolution. Unconvinced the proposed expert testimony would aid its decision on the issue of coercion, the juvenile court found appellant had not established good cause for the examination. The court denied appellant's motion without prejudice to renew but ordered reports and other information from the children's therapist be provided to appellant's expert, Dr. Katz.
At the contested jurisdictional hearing, Stacey testified appellant began engaging in sexually abusive behavior about the time her parents separated. Appellant's activities included provocative photographs of Stacey, and inappropriate touching and showering and sleeping with her. Joshua corroborated Stacey's testimony but reported no overt sexual behavior by appellant directed at him. Appellant admitted he had slept with the children and had washed them while showering together but denied any sexual behavior.
*1547 Dr. Katz testified there was sexually provocative behavior between appellant and his children which could be considered sexual grooming, i.e., manipulation of a child for sexual exploitation. Nevertheless, Dr. Katz believed appellant had only exercised poor judgment and did not fit the profile of a child molester. Dr. Katz further testified the children suffered stress from the divorce and it was possible Stacey, for various reasons, had falsely accused appellant of sexual abuse.
In reaching his conclusions, Dr. Katz reviewed police reports, interviews with appellant's witnesses and one letter from the children's therapist. He also examined and tested appellant. At the court's request, Dr. Katz spoke with the children's therapist during a recess in the jurisdictional hearing. After that conversation, Dr. Katz was inclined to believe the alleged sexual abuse had occurred.
The juvenile court found the jurisdictional facts were established, i.e., appellant had sexually abused Stacey, and her sibling, Joshua, was in danger of being sexually abused.
At the dispositional hearing, the juvenile court awarded sole physical and legal custody of the minors to their mother, with whom they had been living throughout the dependency proceedings, restricted appellant's visitation, and terminated dependency jurisdiction. Appellant promptly filed a notice of appeal challenging the jurisdictional findings.

DISCUSSION

I
(1a) Respondent, citing In re Michelle M. (1992) 8 Cal. App.4th 326 [10 Cal. Rptr.2d 64], contends the appeal is moot because the dependency action was terminated. Respondent argues appellant must first challenge the juvenile court's order terminating jurisdiction before raising issues attacking its jurisdiction.
(2) "As a general rule, `an appeal presenting only abstract or academic questions is subject to dismissal as moot.' [Citation.]" (In re Jody R. (1990) 218 Cal. App.3d 1615, 1621 [267 Cal. Rptr. 746].) However, where a judgment dismissing the dependency action is challenged on appeal the case "is not moot if the purported error is of such magnitude as to infect the outcome of [subsequent proceedings] or where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis." (In re Kristin B. (1986) 187 Cal. App.3d 596, 605 [232 Cal. Rptr. 36], fn. omitted.)
*1548 (1b) Upon termination of the dependency proceedings, the juvenile court entered continuing orders relating to custody and visitation. Relief from, or modification of, these orders is based on the best interest of the child and may be sought either in a pending family law action or, if none is pending, a new action based solely on the orders. (Welf. & Inst. Code, § 362.4; Fam. Code, §§ 3011, 3020 et seq., formerly Civ. Code, §§ 4600, 4608; In re Sarah M. (1991) 233 Cal. App.3d 1486, 1504 [285 Cal. Rptr. 374] [continuing jurisdiction over the child exists in family law court after termination of the dependency proceedings].)
Because the jurisdictional issues were actually litigated in the dependency proceeding, appellant is collaterally estopped from relitigating those issues in the family law court. (Pacific Mut. Life Ins. Co. v. McConnell (1955) 44 Cal.2d 715, 724-725 [285 P.2d 636]; In re Marriage of Guardino (1979) 95 Cal. App.3d 77, 87 [156 Cal. Rptr. 883] [paternity determination conclusive in later action].) Thus, while appellant may, upon a showing of changed circumstances, secure modification of the custody and visitation orders in the family law court, such proceedings do not provide a forum for challenging errors made in the jurisdictional hearings in juvenile court. (Cf. In re Linda P. (1987) 195 Cal. App.3d 99, 105 [240 Cal. Rptr. 474].) Even were such an attack available in the collateral action (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 277, p. 717.), the indirect proceedings would be far more cumbersome than a direct appeal from the dependency action and potentially traumatic to the children. As the jurisdictional findings are the basis for the restrictive visitation and custody orders, error in the former undermines the foundation for the latter.
The fact that the dependency action has been dismissed should not preclude review of a significant basis for the assertion of jurisdiction where exercise of that jurisdiction has resulted in orders which continue to adversely affect appellant. If the jurisdictional basis for orders restricting appellant's visitation with, and custody of, Joshua is found by direct appeal to be faulty, the orders would be invalid. Moreover, refusal to address such jurisdictional errors on appeal by declaring the case moot has the undesirable result of insulating erroneous or arbitrary rulings from review.
Michelle M., relied upon by respondent, is factually distinguishable. In that case, the contested jurisdictional hearing occurred two years before the dependency action was terminated. (In re Michelle M., supra, 8 Cal. App.4th at p. 328.) The appellant in Michelle M. had ample opportunity to challenge the basis of the juvenile court's assertion of jurisdiction prior to termination. Here, appellant challenged the juvenile court's jurisdiction at the first opportunity. (Welf. & Inst. Code, § 395; In re Megan B. (1991) 235 Cal. App.3d *1549 942, 950 [1 Cal. Rptr.2d 177].) In these circumstances, attack on the validity of the dismissal of the juvenile court proceedings is not required.

II, III[*]
.... .... .... .... .... .... .... .

DISPOSITION
The judgment (order) is affirmed.
Sims, Acting P.J., and Scotland, J., concurred.
Appellant's petition for review by the Supreme Court was denied August 25, 1994.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 977(a), this opinion is certified for publication with the exception of parts II and III.
[*] See footnote, ante, page 1544.