[No. C066908. Third Dist. Oct. 14, 2011.]

In re J.S., a Person Coming Under the Juvenile Court Law.
SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, Plaintiff and
Respondent, v.
Jo. S., Defendant and Appellant;
J.S., Appellant.

**COUNSEL**

Marin Williamson, under appointment by the Court of Appeal, for Appellant J.S.

Seth F. Gorman, under appointment by the Court of Appeal, for Defendant and Appellant Jo. S.

Janine Molgaard for Plaintiff and Respondent.

**OPINION**

**DUARTE, J.**—Minor J.S. (minor) and her father Jo. S. (father) appeal from the judgment of disposition and an order denying a motion to dismiss the dependency proceeding brought by respondent San Joaquin County Human

Services Agency (the Agency).[1] (Welf. & Inst. Code,[2] §§ 358, 360, 395.) Minor and father contend the juvenile court erred in denying the Agency's motion to dismiss. The Agency contends the appeal is moot, but, if not moot, concedes error in the motion's denial.

As we will explain, we conclude the appeal is not moot and agree with the parties that the juvenile court erred in denying the motion to dismiss. We shall reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The teenage minor[3] was placed in protective custody in July 2010, following mother's arrest on charges of physical abuse of a minor. Father was in state prison and mother had no stable home. According to the detention report, minor was pregnant and wanted to stay in California to be with her boyfriend rather than join her siblings in Alabama. At the initial hearing, the court declined to order minor detained and returned her to her mother. Mother consented to jurisdiction for purposes of drug court and was ordered to participate therein. The court did not impose *any conditions* on mother's continued custody of minor or restrict her control of minor in any way.[4]

Minor and mother appeared at the jurisdiction hearing in September 2010. The court sustained an amended petition and continued the matter for disposition. The court did not change minor's placement (continuing with mother) or impose *any conditions* on mother's continued custody of minor or restrict her control of minor in any way.

In the disposition report, the Agency recommended placing minor in foster care and offering services to mother. In October 2010, the court set a contested disposition hearing for December 2010. Minor remained with mother.

A "placement" hearing was conducted on November 5, 2010. At the hearing, counsel for the Agency informed the court that mother had taken minor to Nevada over the weekend and consented to minor's marriage to minor's 18-year-old boyfriend, the father of her unborn child. The court set a detention hearing for November 8 and ordered minor to have no contact with

---

[1] Father filed a brief which minor joins. We dismissed an appeal by mother B.T. (mother) for failure to file a brief.

[2] Further undesignated statutory references are to the Welfare and Institutions Code.

[3] Nearly 16 at the time she was placed in protective custody, minor was 16 when she married (see *post*) and is now 17.

[4] Although the court admonished minor, "You're not to go spend the night with boyfriend, okay?" it entered no orders restricting or restraining contact.

her husband until the hearing. Minor agreed to voluntarily stay with her grandfather pending the next hearing.[5]

At the November 8 detention hearing, the court was "very upset" at the "attempted marriage" and directed the Agency to "look into filing a petition."[6] The court expressed its opinion that mother could not consent to the marriage because court approval was required. The court continued minor's placement with the grandfather and modified the prior no-contact order to permit the husband to visit minor at the grandfather's home.

On November 17, 2010, the Agency filed a motion to dismiss the dependency proceeding on the grounds that minor's marriage in Nevada, with her mother's unrestricted consent, emancipated minor and removed her from dependency jurisdiction. At the hearing on the motion to dismiss, the court disagreed with the authority cited by the Agency, finding that mother had "no authority to leave California." The court further opined that court consent was needed for the marriage to be valid; therefore, there was no basis for emancipating minor. It refused to dismiss the case.

At the disposition hearing in December 2010, all parties renewed the request for dismissal. The court agreed with minor's counsel that it did not limit mother's rights as to minor, but nonetheless declined to dismiss. The court adjudged minor a dependent, ordered her to remain in the grandfather's home,[7] and denied services to father. The parents and minor appealed.

In April 2011, the court dismissed the dependency proceeding and entered orders giving mother sole legal and physical custody of minor and denying visitation to father. Father and minor have appealed these exit orders.[8]

---

[5] Although the minutes of the November 5 hearing reflect that minor was "placed" with grandfather, it does not appear that minor was ever actually removed from mother. Even if she were deemed removed as early as the November 5 hearing, emancipation had already occurred when she married while in the custody and control of her mother, as we explain *post*.

[6] The juvenile court was no doubt referencing a section 387 petition, which would have been the avenue for the Agency to seek minor's removal from mother, had the Agency sought to do so. Instead, the Agency properly sought dismissal of the dependency proceeding after confirming the marriage. The record does not contain a section 387 petition, although other documents in the record contain references to such petition.

[7] Although it appears from the minutes that minor was ordered removed from mother, the oral record suggests that the court had instead ordered minor to remain with mother but to stay temporarily with the grandfather. In any event, our disposition of this case obviates the need to resolve this apparent ambiguity one way or the other.

[8] We previously granted father's request that we take judicial notice of these orders, treating it as a motion to augment the record on appeal.

## DISCUSSION

### I

### *Mootness*

The Agency argues this particular appeal is now moot because the juvenile court has since dismissed the dependency proceeding. We disagree.

The exit orders are also pending appeal, and include adverse custody and visitation orders, which were entered as a direct result of matters challenged in this appeal—the juvenile court's denial of the Agency's motion to dismiss the dependency proceeding. (See *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547–1548 [30 Cal.Rptr.2d 10]; *In re Kristin B.* (1986) 187 Cal.App.3d 596, 603, 605 [232 Cal.Rptr. 36].) The juvenile court's denial of the Agency's motion to dismiss directly impacts the exit orders granting custody and denying visitation because they depend upon a determination that minor is not emancipated. Thus this appeal is not moot.

### II

### *Motion to Dismiss Dependency Proceeding*

Father and minor contend, and the Agency agrees, that the juvenile court erred in failing to grant the Agency's motion to dismiss based on minor's emancipation by marriage. We agree with the parties.

■ Although the juvenile court had *jurisdiction* over minor's case and thus the *authority* to make such determinations and orders as necessary in its exercise of dependency jurisdiction, in this particular case, it made no such determinations and orders prior to minor's marriage. The mere existence of authority to direct a parent's conduct in relation to his or her child does not in and of itself constitute *exercise* of that authority, and does not translate to automatic limitations on the parent's general rights absent some specific direction or order.

Here, the juvenile court never removed minor from mother's custody and control. From the time it returned minor to mother from the Agency's protective custody, it did not limit or restrict mother's exercise of her custody of and control over minor. It did not impose *any conditions* on mother's continued custody of minor or restrict her control of minor in any way. The fact that mother submitted to the court's jurisdiction did not, in and of itself,

create any limitations on her parental rights. It is clear that mother retained the right to transport minor to Nevada and consent to her marriage.[9]

 Under Nevada law, "a person at least 16 years of age but less than 18 years of age may marry only if the person has the consent of: [¶] (a) [e]ither parent." (Nev. Rev. Stat. § 122.020, subd. 3.(a).) With mother's consent, minor obtained a valid marriage license in Nevada. This resulted in a valid marriage in California. (Fam. Code, § 308; *McDonald v. McDonald* (1936) 6 Cal.2d 457, 459 [58 P.2d 163].) As a result of the marriage, minor was emancipated by operation of law. (Fam. Code, § 7002, subd. (a).) As an emancipated minor, she cannot be the subject of a dependency proceeding. (Fam. Code, § 7050, subd. (c).) Accordingly, the juvenile court erred in denying the Agency's motion to dismiss the dependency proceeding and in adjudicating the emancipated minor a dependent child.[10]

## DISPOSITION

The judgment is reversed. The juvenile court is directed to enter an order dismissing the dependency proceeding.

Blease, Acting P. J., and Nicholson, J., concurred.

---

[9] This situation is distinct from the situation arising when a minor is *removed* from parental custody. At removal, custody is placed with the Agency and the parent has no right to act with respect to the child *without judicial approval.* (Cal. Rules of Court, rule 5.678(d).) Here, minor was not removed before her marriage, nor did the court place any restrictions on mother's exercise of her parental rights.

[10] Father raises several issues related to denial of services and determination of parentage. Because we resolve the case on other grounds, we need not address these points.