Filed 10/8/13  In re M.C. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | B246321 |
| | (Los Angeles County Super. Ct. No. CK95850) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| MARQUES S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anthony Trendacosta, Juvenile Court Referee.  Dismissed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant Marques S.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Marques S. appeals one jurisdictional finding of the juvenile court concerning his son, M.C. We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The Department of Children and Family Services (DCFS) filed a dependency petition alleging that M.C. and his older half-sibling came within the jurisdiction of the juvenile court under Welfare and Institutions Code[1] section 300, subdivisions (a) and (b). M.C.'s parents, Marques S. and L.C., were alleged to have engaged in violent altercations in front of the children, including incidents in which Marques S. struck L.C. and threatened to kill her. This physical violence was the subject of the section 300, subdivision (a) allegation and one subdivision (b) allegation. Additionally, under section 300, subdivision (b), DCFS alleged that each of M.C.'s parents was incapable of providing regular care for the children due to daily use of marijuana.

The juvenile court amended and sustained the section 300, subdivision (b) allegations pertaining to domestic violence and marijuana use. Marques S. appeals.

## DISCUSSION

On appeal, Marques S. contends that there is no substantial evidence to support the juvenile court's finding that his marijuana use placed M.C. at risk of harm. Marques S. does not challenge the finding that M.C. is subject to juvenile court jurisdiction under section 300, subdivision (b) as a result of the domestic violence between his parents.

Marques S. acknowledges that M.C. will remain a dependent of the court regardless of the outcome of this appeal and that the law permits a reviewing court to decline to address allegations of insufficient evidence to support a jurisdictional finding when jurisdiction will continue regardless of that analysis other findings afford a basis for jurisdiction. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) Marques S. argues, however, that the court should exercise its discretion to reach the merits of his challenge

---

[1]     All further statutory references are to the Welfare and Institutions Code.

to an individual jurisdictional finding notwithstanding the fact that the juvenile court would nonetheless maintain dependency jurisdiction over M.C. because the allegedly erroneous finding could be prejudicial to him in the future. (See, e.g., *In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.) First, he argues, this finding could afford a basis for orders that he "engage in drug counseling, therapy, or rehabilitation efforts." Regardless of the finding, however, Marques S. could be ordered to participate in drug treatment and counseling based on the evidence that was submitted to the juvenile court, as the court is not limited to the content of the sustained petition when it fashions dispositional orders. (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1008; *In re Rodger H.* (1991) 228 Cal.App.3d 1174, 1183.)

Next, Marques S. argues that the finding could "unnecessarily restrict father's access to the child," relying without explanation on *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548. *In re Joshua C.* stands for the proposition that jurisdictional findings may be reviewed even after the termination of dependency jurisdiction when those findings are the basis of custody and visitation orders that "continue to adversely affect appellant" after termination. (*Id.* at p. 1548.) Marques S. has not challenged any of the dispositional orders, nor has he identified any orders resulting from the true finding he attempts to challenge that adversely affect him. Accordingly, *In re Joshua C.* has no application here.

Finally, Marques S. alleges that the jurisdictional finding could have a negative impact on his custody rights "were he to face juvenile court involved with his family again, as to this, or any potential future child." General allegations that the findings could impact future court orders are insufficient; the parent must identify specific legal or practical consequences arising from the dependency findings. (*In re I.A.*, *supra*, 201 Cal.App.4th at p. 1493.) Marques S. has not established any respect in which the jurisdictional finding he challenges negatively affects his custodial rights in this matter, in light of the unchallenged findings that afford a basis for jurisdiction and his admission of daily drug use; and in any future dependency proceedings jurisdiction would be assessed on the basis of the then-current circumstances. (*Id.* at p. 1495.) Because

Marques S. has not established any actual or threatened prejudice from the jurisdictional finding he seeks to challenge, we decline to exercise our jurisdiction to review it.  (*Id*. at pp. 1491-1495.)

## DISPOSITION

The appeal is dismissed.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.

4