Filed 11/12/14  In re B.E. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re B.E., a Person Coming Under the Juvenile Court Law. | C073493 |
| SACRAMENTO COUNTY DEPARTMENT, | (Super. Ct. No. JD232703) |
| Plaintiff and Respondent, | |
| v. | |
| L.E., | |
| Defendant and Appellant. | |

Father, L.E., appeals the juvenile court's jurisdictional finding and dispositional order.  Father contends:  (1) there is not substantial evidence supporting the conclusion that his violating the terms of his probation posed a substantial risk of serious harm to the minor; and (2) the dispositional orders declaring the minor a dependent and ordering formal services constituted an abuse of discretion.  While this appeal was pending, the

1

juvenile court terminated dependency jurisdiction and granted father sole legal and physical custody. Father did not appeal the termination of dependency jurisdiction. We requested the parties file supplemental briefs on whether this appeal should be dismissed given the termination of dependency jurisdiction. Father contended the appeal should not be dismissed as the jurisdictional finding could be used against him at some future date. We find this claim to be entirely speculative. As we cannot grant father any effective relief, we will dismiss the appeal as moot.

FACTS AND PROCEEDINGS

Given our disposition of this appeal, we need not detail the entire history of these dependency proceedings. A summary of those proceedings will suffice.

Mother died in 2004, when the minor was six years old, after losing her struggle with prescription pain medication addiction. The minor has remained in father's custody since that time. Shortly after mother's death, a paternal uncle died and father lost his job. As a result of these losses father became depressed and started using marijuana.

In September 2007, father was arrested for having sexual relations with a 15-year-old-girl. He was convicted in 2008, placed on five years' probation, and ordered to register as a sex offender pursuant to Penal Code section 290. In April 2009, defendant admitted he had violated probation by failing to register. He was reinstated on probation and received no additional jail time. The juvenile court took judicial notice of documents related to defendant's criminal conviction and violation of probation.

In September 2012, as the result of a report to social services, probation officers conducted a probation search of father's home. The officers noticed a strong smell of marijuana coming from the bedroom. There were two young unrelated children living in the home and a large knife. Each of these circumstances was a violation of father's probation. Drug tests confirmed father's admitted drug use.

2

The Sacramento County Department of Health and Human Services (the Department) filed a petition under Welfare and Institutions Code section 300 (unless otherwise stated, statutory references that follow are to the Welfare and Institutions Code) alleging the minor was at substantial risk of suffering serious harm by the inability of father to provide regular care due to substance abuse.

At the jurisdictional hearing, the juvenile court found the section 300, subdivision (b)(1) allegation of the petition true. The court found father had an eight- or nine-year history of smoking marijuana. His drug use was not casual, but a result of serious issues, specifically the depression he felt relative to the death of his wife and another family member. The court did not agree with the Department's assertion that the marijuana problem was resolved, "[F]ather has not yet acknowledged fully and addressed the problems that led him to this problem . . . in part because he hasn't--there have been no services, there have been no efforts to address these problems." The court also found father had not been candid with the court or with police or the testing program regarding his drug use. The court also specifically rejected father's claim that he thought having a cannabis card made it legal to smoke marijuana and would not violate his probation. The court acknowledged several months of clean drug tests but concluded that, in the face of years of drug use, those tests did not demonstrate rehabilitation, and found that father "will continue to smoke, he will continue to exercise bad judgment regarding [the minor], and the court is concerned and concludes that more likely than not he'll be smoking and a probation violation will occur." Accordingly, the court sustained the petition.

On May 5, 2014, the juvenile court held a section 364 hearing. The juvenile court found the conditions which justified assumption of jurisdiction no longer existed and were unlikely to recur. The court also found father had completed all aspects of his case plan and there had been no abuse or neglect of the minor since she was removed from the home. Accordingly, the juvenile court terminated the minor's dependency status and

3

granted father sole legal and physical custody. We take judicial notice of the findings and orders made at the May 5, 2014 hearing. (Evid. Code, § 452.)

DISCUSSION

As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot. (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.) An appeal may be dismissed as moot when subsequent events make it impossible for the appellate court to grant the appellant any effective relief. (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) The question of mootness in a dependency case is decided "on a case-by-case basis." (*Ibid.*)

Father argues this appeal is not moot because "the jurisdictional findings could be used against him in any subsequent petition filing in the dependency court as support for taking jurisdiction." He relies on *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547-1548 and *In re Joel H.* (1993) 19 Cal.App.4th 1185 to support his argument. In each of those cases, the juvenile court made orders during the dependency proceedings, which impacted on the appellant's rights regarding the minor. In *In re Joshua C.*, the juvenile court taking jurisdiction ultimately led to orders restricting the appellant's continuing custody and visitation rights. The court concluded the appeal was not moot, as it was the jurisdictional findings which formed the basis for the custody and visitation orders and, if unreviewed, the appellant would be collaterally stopped from relitigating the jurisdictional issues.

In *In re Joel H.*, the minor was removed from mother's custody and placed with his great-aunt. Eventually, under section 387 (not section 300) with allegations the great-aunt had physically and emotionally abused the minor, the juvenile court ordered the minor "permanently removed" from his great-aunt's custody, returned him to his mother's custody and terminated dependency jurisdiction. The great-aunt appealed the findings under section 387. The appellate court found the appeal was not moot, because

4

the continuing order of permanent removal would preclude the great-aunt from being considered for placement in the event new dependency proceedings were initiated. The court noted that finding the appeal moot would not further the interests of protecting the minor, the overriding goal of dependency law. (*In re Joel H., supra*, 19 Cal.App.4th at pp. 1192-1193.)

In both *In re Joel H.* and *In re Joshua C*., during the course of the dependency proceedings, the juvenile court made orders which remained in place after jurisdiction was terminated and adversely impacted the rights of the appellant. That is not the case here.

Here, the minor has been placed with father and the juvenile court granted him sole legal and physical custody of her. The dependency proceedings have been terminated and there is no ongoing order of the juvenile court which adversely affects father's rights to custody of the minor.

Father also contends that there is the potential for future harm, as he "cannot rule out a circumstance in the future where some alleged risk[y] behavior leads to allegations being made and a petition filed on his daughter's behalf, or any other child he may have, and the Department will refer in its report as support" to these jurisdictional findings. He claims this is not a "purely speculative future hypothetical, but specific legal and practical consequences resulting from erroneous dependency findings . . . [which] could have severe and unfair consequences to Father in future family law or dependency proceedings." We disagree.

As the Department points out, mother is deceased; there is no possibility of future family law proceedings. Father acknowledges that as to the possibility of any future dependency proceedings "to support jurisdiction in any new petition filing, the evidence must show circumstances at the time of the hearing subject the minor to the described risk of harm." Although it is true that evidence of past conduct may be probative of current conditions, in father's case, that evidence of his past conduct exists irrespective of

5

the jurisdictional findings. Father's appeal does not dispute the factual accuracy of the jurisdictional findings; rather whether those facts were legally sufficient to support the juvenile court assuming jurisdiction. In his particular case, the factual basis for the jurisdictional findings was also the basis of an admitted probation violation. Should father become the subject of future dependency proceedings, those facts of his past conduct will be part of the record by virtue of the adjudication of his probation violation irrespective of whether they were the basis of jurisdictional findings. As such, in this case, there is no effective relief that we can grant father. Accordingly, we order the appeal dismissed as moot.

### DISPOSITION

The appeal is dismissed.

    HULL    , J.

We concur:

    BLEASE    , Acting P. J.

    NICHOLSON    , J.

6