Filed 4/8/15  In re J.G. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re J.G. et al., Persons Coming Under the Juvenile Court Law. | |
| MARIN COUNTY HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSICA G.,<br><br>        Defendant and Appellant. | A143009<br><br>(Marin County<br>Super. Ct. Nos. JV25895A, JV25896A,<br>& JV25897A) |

Jessica G. (Mother) appeals an order removing her two daughters from her care. She asserts the evidence was insufficient to support the removal findings and orders. Because the issues are moot, we dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2014, Marin County Health and Human Services (the Department) filed a Welfare and Institutions Code section 300 petition, asserting Mother's 13 and 11-year-old daughters were at substantial risk of suffering harm due to instances of domestic violence and Mother's substance abuse, as well as due to the abuse of a sibling, 7-month old J.G.  The Agency detained all three children.

At the jurisdictional hearing in April 2014, Mother submitted on the Department's amended petition, which the juvenile court sustained under section 300, subdivisions (b) and (j).  In August 2014, following the contested dispositional hearings in July 2014, the

1

juvenile court found the two daughters to be dependents and ordered their removal from Mother's care. In September 2014, Mother appealed from that order.

On December 19, 2014, the daughters were returned to Mother's care. Thereafter, on March 9, 2015, following Mother's completion of various treatment programs, continued attendance in counseling and therapy, along with her continuous sobriety for more than one year, the juvenile court terminated its jurisdiction and dismissed the case.

## II. DISCUSSION

The Agency moves to dismiss the appeal as moot. An appeal from an order in a juvenile dependency matter may be rendered moot by the dismissal of dependency jurisdiction during the pendency of the appeal if the dismissal of jurisdiction deprives the appellate court of the power to grant the relief sought in the appeal. (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)

The purpose of the dependency proceedings is to reunify children with a parent. (*In re Tania R.* (1995) 32 Cal.App.4th 447, 451.) Here, the court placed the daughters with Mother in December 2014 and terminated jurisdiction in March 2015.[1] As a result, the Department maintains that the issues on appeal are moot.

In Mother's opposition to the motion dismiss, she argues that the appeal is not moot because it still presents justiciable issues, particularly in light of the fact that she has appealed from the juvenile court's March 2015 order.[2] According to Mother, dismissing

---

[1] J.G., who was also a dependent child, had been returned to Mother's care prior to the disposition hearing; the juvenile court also dismissed the case pertaining to J.G. We grant the Agency's request and take judicial notice of the court's minute orders terminating jurisdiction. (Evid.Code, §§ 452, 459.) We recognize the Supreme Court has stated postjudgment evidence may not, except in extraordinary circumstances, be used as a basis to reverse a termination of parental rights on appeal. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413.) However, because this appeal is not from an order terminating parental rights and we are not reversing, taking judicial notice here is not prohibited by *In re Zeth S.*

[2] The notice of appeal was filed on March 19, 2015, and the appeal is still pending.

the appeal would have the effect of an affirmance, insulating the jurisdictional rulings from review.

"[W]here a judgment dismissing the dependency action is challenged on appeal the case 'is not moot *if* the purported error is of such magnitude as to infect the outcome of [subsequent proceedings] *or* where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis.' [Citation.]" (*In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547, original italics (*Joshua C.*).)

For example, in *Joshua C.*, *supra*, the children's father argued on appeal that there was insufficient evidence to support the jurisdictional findings as to the children and that the juvenile court erred by refusing to grant certain discovery orders thereby denying him due process. (*Joshua C.*, *supra*, 24 Cal.App.4th at p. 1546.) Respondent agency contended that the issues could not be reached as dismissal of the dependency action at the dispositional hearing rendered the case moot. (*Ibid.*) The dispositional orders had awarded sole physical and legal custody of the children to their mother and restricted visitation for the father. (*Id.* at p. 1547.) The appellate court held that the fact that the dependency action had been dismissed should not preclude review of a significant basis for the assertion of jurisdiction where exercise of that jurisdiction resulted in custody and visitation orders that *continued to adversely affect* the father. (*Id.* at p. 1548.)

*Joshua C.* is distinguishable from the instant case. The appellant in *Joshua C.* was challenging visitation and custody orders that continued to affect him adversely *after* termination of the proceeding; in such a case, an appellant should be permitted to challenge the jurisdictional findings in his attack on the orders. Here, by contrast, there is no ongoing order that continues to adversely affect Mother.

Mother next argues that the appeal should not be dismissed as moot because the jurisdictional finding *might* have an adverse effect in some future proceedings. She does not, however, point to any *actual* proceeding in which the findings would be used. Moreover, the juvenile court's order terminating the dependencies declared that there is no basis for juvenile court jurisdiction, and thus went a long way to removing any stigma

3

of the jurisdictional findings. The court recognized that Mother had completed "several drug/alcohol treatment programs, and she continues to attend counseling and therapy, . . . and skills development programs."

While the court's order falls short of saying that the conditions never supported a finding under subdivisions (b) and (j) of section 300—which is what Mother urges here—the distinction does not warrant a departure from the well-established mootness doctrine under the circumstances before us. The final word of the juvenile court is that the conditions do not exist and that there is no need for the Department to protect the children.

She also argues that dismissal will *likely* result in further adverse collateral consequences by requiring her to pay for the costs of support and legal services for her children while they were in the system. Whereas, *if* she is successful in challenging the jurisdictional findings, she would not be subject to such reimbursement. (See, e.g., § 903.1, subd. (b) [specified persons not liable for costs of support and legal services if § 300 petition dismissed at or before the jurisdictional hearing].) We decline to set aside the mootness doctrine based on speculation as to what might happen in the future.

Finally, Mother argues we should decide the appeal, notwithstanding the mootness doctrine because it raises a matter of continuing public interest in resolving the issue of "the right of capable parents in treatment programs to delegate care of their child or children to a capable caregiver" while they are completing a residential treatment program.

We have discretion to resolve an appeal, even if technically moot, when it raises a matter of continuing public interest that is likely to recur. (*In re Jody R.* (1990) 218 Cal.App.3d 1615, 1622.) Here, however, Mother does not ask us so much to clarify a legal standard that will likely recur in litigation among other parties, but rather to determine whether the evidence was sufficient in this particular case that she had reasonable means to protect her children by delegating a capable caretaker. We decline to exercise our discretion to decide the matter on this basis.

4

# III. DISPOSITION

The appeal is dismissed.

_____
RUVOLO, P. J.

We concur:


_____
REARDON, J.


_____
STREETER. J.

6