Filed 1/29/16  In re J.M. CA

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | B266122 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK07042) |
| Plaintiff and Respondent, | |
| v. | |
| M.R., | |
| Defendant and Appellant. | |

APPEAL from a an order of the Superior Court of Los Angeles County. Marilyn K. Martinez, Juvenile Court Referee.  Dismissed.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Appellant.

\* \* \* \* \* \* \* \* \*

M.R. (mother) appeals from the order of May 14, 2015 declaring her toddler, J.M., a dependent of the court but raises no argument concerning the disposition orders placing J.M. with mother with family maintenance services. We conclude the appeal has been rendered moot by the juvenile court's order of October 28, 2015, terminating jurisdiction and awarding full custody of J.M. to mother, and therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2015, the court sustained allegations that mother "has a history of engaging in violent altercations with the child's maternal grandfather, [G.P.], in the child's presence. On 11/23/2014, the mother scratched the maternal grandfather's hands, inflicting bleeding lacerations to the maternal grandfather's hands. The mother struck the maternal grandfather's arms, with the mother's hands and fists. The mother pulled the maternal grandfather's adult diaper off and grabbed the maternal grandfather's penis, in the child's presence. On prior occasions, the mother engaged in physical altercations with the maternal grandfather, in the child's presence." Mother does not claim there is not substantial evidence to support these findings.

Indeed, there are detailed reports reciting the facts supporting the jurisdiction findings. Mother and J.M. left father, A.M., in Texas and moved to California in April 2014. Mother reported an extensive history of domestic violence with A.M. Upon arriving in California, mother and J.M. moved into the home of maternal grandfather, who was then about 80 years old. Mother finally left his home in October 2014, when there was an open dependency case arising from reports of domestic violence between mother and maternal grandfather. Police helped mother and J.M. enter a shelter but they left the shelter shortly thereafter. J.M. was detained in foster care, but the initial dependency petition was dismissed after mother moved in with maternal grandmother. After the first petition was dismissed, however, mother and J.M. moved back in with maternal grandfather. Police responded to the 911 call of maternal grandfather and arrested mother for elder abuse in late November 2014, based on the sustained allegations of the amended petition described above.

2

A Multidisciplinary Assessment Team stated in its findings concerning J.M., "[J.M.] is 34 months old. It seems that throughout her lifetime [J.M.] has witnessed/heard adults arguing in her presence. She has also witnessed physical altercations between adults. . . . Mother stated that from birth until [J.M.] was about 24 months she would hear mother and father arguing from another room." The team noted, "As a result of the trauma exposure she has experienced [J.M.] seems guarded when she interacts with adults she is unfamiliar with; even if she has contact with them on several occasions."

Mother's only claim on appeal is that there was not substantial evidence that J.M. was at substantial risk of harm at the time of the adjudication hearing because mother had moved out of maternal grandfather's home. Mother filed her opening brief on appeal in November 2015, after the court had terminated jurisdiction with full custody granted to mother, because mother wants to "clear her name."

**DISCUSSION**

As already stated, mother challenges the jurisdictional findings concerning herself but not the findings that father A.M. failed to, and was unable to provide, the basic necessities of life for J.M. Mother also makes no argument concerning the disposition orders. Father has not appealed from the jurisdiction or disposition orders, or from the juvenile court's subsequent order terminating dependency jurisdiction and granting mother sole legal and physical custody of J.M. In her opening brief on appeal, mother argued her appeal is not moot. In respondent's brief, the Department of Children and Family Services asked us to dismiss the appeal as moot. We conclude this appeal is properly dismissed as moot.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.) The termination of dependency jurisdiction by the juvenile court, while an appeal of an

3

interim ruling by the juvenile court is pending, moots the appeal. (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 329-330.)

The appellate court may find, in a given case, that the appeal is not mooted " '*if* the purported error is of such magnitude as to infect the outcome of [subsequent proceedings] *or* where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis.' " (*In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547, quoting *In re Kristin B.* (1986) 187 Cal.App.3d 596, 605; accord, *In re Dani R.*, *supra*, 89 Cal.App.4th at p. 404.) An appellate court may also "exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review." (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.)

We are not persuaded there was any error, much less an error of "such magnitude" to warrant resolution of the merits of this appeal. Mother's appeal is not only moot due to the termination of jurisdiction, but it was nonjusticiable from the outset because father did not appeal from the jurisdictional findings. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) Mother's concerns that she may be listed in a child abuse registry or encounter child custody problems at some point in the future are purely speculative. Deciding mother's claim that J.M. was not at substantial risk of harm on the date of the adjudication hearing will not help "clear her name." The many reports of domestic violence and neglect of J.M. made to police and the Department preceding and leading up to mother's arrest for elder abuse will remain in the record, and there is nothing we can do about that.

## DISPOSITION

The appeal is dismissed as moot in light of the juvenile court's termination of dependency jurisdiction during the pendency of this appeal.


GRIMES, J.

We concur:

BIGELOW, P. J.                    FLIER, J.

4