Filed 4/11/16  In re J.G. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | H041974 (Santa Clara County Super. Ct. No. 1-14-JD22971) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, Plaintiff and Respondent, v. R.G., Defendant and Appellant. | |

R.G. (mother) appeals the juvenile court's jurisdiction and disposition findings and orders and an interim review order restricting her from attending her child's (J.G., born 1999) medical and dental appointments.  She claims the juvenile court violated her statutory right to a contested hearing on certain requirements in her case plan, and the court's failure to order a contested hearing deprived her of her due process rights.

During the pendency of this appeal, subsequent events have transpired.  First, the juvenile court held a six-month review hearing on July 10, 2015 and returned child to mother's care under a plan of family maintenance.  In a later proceeding on October 28, 2015, the juvenile court removed child from mother's care after finding that detention was necessary.  We find that these later proceedings have rendered mother's appeal moot.

## BACKGROUND

On November 14, 2014, the Santa Clara County Department of Family and Children's Services (Department) filed a petition to bring child within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivision (c) (serious emotional damage).[1]

The petition alleged that child, who was adopted, was at a substantial risk of harm under mother's care because of emotional abuse. It was alleged that mother made offensive comments toward child. Earlier that same month, child had been placed on a section 5150 psychiatric hold after having a physical altercation with mother. Child had struck mother on the head after trying to get away from her. The petition alleged that child had been previously placed on five other section 5150 psychiatric holds and was being treated for anxiety. Mother insisted that child had severe mental health issues but refused to participate in child's treatments and refused to release child's medical records to doctors. The Department concluded that mother was not capable of meeting child's needs.

On November 17, 2014, the Department filed an amended petition alleging that child had been removed from mother's care under a protective custody warrant. The following day, the juvenile court held an initial hearing and sustained the amended petition. Mother orally requested that child be released under her care, which was denied.

On December 9, 2014, the Department filed a second amended petition. The amended petition clarified that child had only been placed on two psychiatric holds, not five. The petition also alleged that mother and child had been in physical altercations with each other on at least six other occasions.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

2

The Department filed two addendum reports on December 16, 2014. Attached to one of the addendum reports was an initial case plan and a statement by mother.

That same day, the Department also filed a jurisdiction/disposition report. The report recommended that the court find the allegations in the second amended petition true and find child to be a dependent of the court. The report further recommended mother and child receive family reunification services.

The report noted that the main issue with mother and child was their relationship, which created an unsafe environment for both of them. Mother believed child had significant mental health issues, a belief that was not corroborated by mental health professionals. Undeterred by the lack of positive diagnoses, mother called child names and reiterated to child that there was something "seriously wrong with her." Despite their difficult relationship, the report indicated that it was clear that mother and child cared about each other based on their interactions. The Department recommended that the juvenile court adjudge child a dependent and provide mother with reunification services.

Prior to the jurisdiction and disposition hearing, mother signed a waiver of rights indicating she was willing to submit to the petition based on the Department's reports and the attached documents.

On December 16, 2014, the juvenile court held a jurisdiction/disposition hearing. During the hearing, the juvenile court found that mother had made a knowing and voluntary waiver of her rights to a trial on the juvenile court's jurisdiction, sustained the section 300 petition, and declared minor a ward of the court. The Department recommended certain services as part of mother's case plan. Mother's counsel made a few comments about some of the recommended services, but asserted that mother agreed to the services as presented by the Department. Subsequently. the court ordered the recommended reunification services, which included a parent orientation class, a parenting class, counseling, a psychological evaluation, family counseling as deemed

3

appropriate by minor's therapist, and therapeutic visitation. Mother was permitted to have two supervised visits a week with child.

On February 9, 2015, the Department filed an interim review report. The report indicated that child was residing in a group home, but due to safety concerns the Department was in the process of finding another placement for her. Child had been drinking alcohol, smoking marijuana, and leaving the group home without permission. The report indicated that mother had complained about being prohibited from contacting child at the group home. Mother had also made unauthorized visits with child by appearing at her medical appointments. Attached to the report was a letter from child's psychologist asserting that mother was constantly calling to inquire about child's therapy.

Mother wrote a statement for the court to review. In her statement, she requested that the case plan be updated. She also asked that conflicting or duplicative services be removed.

That same day, the court held an interim case review hearing. During the hearing, the court clarified certain orders. The court stated that mother was limited to two weekly visits, and the therapeutic visit with child constituted one visit. And, the court stated that mother was not to appear at any of child's medical or dental appointments.

During the hearing, mother indicated that she had prior misconceptions regarding the case plan. She explained that her previous attorney had assured her that the therapeutic visit would not constitute one of the two visits she was allowed to have with child. Further, she asserted that she had understood that she only needed to participate in individual therapy if her psychological evaluation recommended it. Mother disputed that she had contacted child's therapist requesting updates. She requested a trial on the issue of medical appointments, which the court denied. She further asserted that she had previously thought that she could fulfill her parenting classes requirement by participating in therapy. Mother acknowledged that she had waived her right to a trial on

4

the jurisdiction and disposition hearing. However, she claimed that she had only done so based on the representations of her trial counsel.

The court responded that mother had waived her right to a trial on all of these issues under advice of counsel, who "certainly" understood what a parenting class was. Mother commented that her trial counsel may have been ineffective and again requested a hearing on the contested issues of her case plan. The court denied her request again. Mother appealed.

## DISCUSSION

On appeal, mother claims she had both a statutory right and a due process right to a trial on the contested issues during the February 9, 2015 hearing. Therefore, she argues that the court erred in denying her request and the matter should be remanded for the court to hold a hearing on the issues she raised below. The Department argues that she waived any challenge to the dispositional orders when she waived her right to a trial, and she had no right to a contested hearing based on her misunderstanding of the case plan. The Department claims that her arguments here are moot, because child was later returned to mother's care under a plan of family maintenance. We agree with the Department that this appeal is moot.

First, we note that on August 4, 2015, the court returned child to mother's care under a program of family maintenance following a contested status review hearing (§ 366.21). We previously granted the Department's request, over mother's objection, to take judicial notice of the trial court's order returning child to mother's care. In her reply brief, mother asks us to reconsider our ruling on the Department's request for judicial notice, because she alleges the order after the hearing is inconsistent with the reporter's transcript of the hearing. Mother, however, conclusory states that there is a discrepancy. She does not provide us with a concrete example of one.

5

Reviewing the transcript, it appears that during the hearing the juvenile court found that there was no evidence that returning child to mother's care would create a substantial risk of detriment. The court then asked the Department to prepare an order after hearing for family maintenance. The order after hearing providing for family maintenance is the subject of the People's request for judicial notice. We do not see a discrepancy between the transcript and the order and decline to reconsider our earlier ruling.

Further, we find that the subsequent developments in child's dependency proceedings have rendered this appeal moot. "As a general rule, appellate courts decide only actual controversies. Thus, 'it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' " (*In re Christina A*. (2001) 91 Cal.App.4th 1153, 1158.) "A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.)

Mother's appellate arguments are confined to whether she was improperly denied the ability to contest certain issues regarding her case plan and whether the order prohibiting mother from attending child's medical and dental appointments was proper.

Even if we reversed the juvenile court's dispositional findings and ordered a contested hearing on the challenged services, we would be unable to grant mother effective relief. Whatever reunification services the court had ordered in the jurisdiction and disposition hearing were replaced by the services to be given to mother under the new plan of family maintenance. In fact, the order after the six-month review hearing on July 10, 2015, indicates that the trial court ordered a new case plan for mother. Additionally, mother was entitled to a hearing during the six-month review. (§ 366.21, subd. (e).) She therefore already had the opportunity to contest the requirements she

6

challenges here and present her arguments for why child should be returned under her care. Presumably, her arguments were successful, because the juvenile court returned child to mother's care, against the Department's recommendations. Mother's arguments over her case plan requirements are therefore moot.

In her reply brief, mother argues that the order prohibiting her presence at child's medical and dental appointments is not moot, because after child was reunified with mother under a plan of family maintenance she was removed again from mother's care at a hearing held on October 28, 2015.[2] Mother points out that during this hearing, the court ordered that all "prior orders not in conflict shall remain in full force and effect." Mother appears to interpret this order as indicating that all prior orders not in conflict with the October 28, 2015 order remain in full force and effect. However, the court's prior order barring mother from child's medical and dental appointments directly conflicts with its subsequent order on August 4, 2015, returning child to mother's care under a plan of family maintenance. We are therefore not convinced by mother's argument that the order barring her from medical and dental appointments somehow survives and would be applicable to mother again in the future.

Additionally, even if the order is not moot we would find that mother's claims on appeal regarding the juvenile court's order prohibiting her from attending child's medical and dental appointments are meritless. Mother waived her right to a contested hearing on the matter. The record reflects that mother consented to the dispositional orders as part of a negotiated settlement and agreed to the services recommended by the Department. As part of her case plan, mother's contact with child was limited to supervised visits, and mother was to have two supervised visits with child per week. Later, during the interim review hearing, mother sought to increase her visitation rights by requesting she be given

_____

[2] We grant mother's request for judicial notice of the juvenile court's October 28, 2015 order. (Evid. Code, §§ 452, 459.)

7

the right to attend child's medical and dental appointments. In essence, mother wanted to modify the part of her case plan giving her twice weekly supervised visits by arguing that she was entitled to *additional* visits with child during child's medical and dental appointments. However, since she consented to the case plan, she waived her right to subsequently complain about its terms. (*In re Precious J.* (1996) 42 Cal.App.4th 1463.)

Mother argues that she did not waive her right to contest future recommendations by the Department. However, the court's order during the interim review hearing was not based on a future recommendation. Rather, it served to clarify the existing terms of mother's visitation rights, which were already limited, pursuant to her agreement, to twice weekly supervised visits.

Additionally, a juvenile court has the authority under section 362 to make "any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child." (§ 362, subd. (a).) Although due process generally requires notice and an opportunity to be heard prior to modification of dependency orders (see *Nickolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 98-99, 110-116), mother fails to demonstrate her due process rights were violated because, as previously described, the order prohibiting her from attending medical and dental appointments did not substantively change the court's dispositional order regarding visits.

Lastly, mother also speculates the appeal is not moot, because the issues raised can affect her future rights to legal custody of her daughter since the Department can claim that she failed to comply with her initial case plan. We disagree with mother's assessment.[3] During the six-month review hearing where the plan of family maintenance

---

[3] In some cases, appellate courts have held that appeals from jurisdictional findings are not moot even if the dependency has since been terminated. (*In re Joshua C.* (1994) 24 Cal.App.4th 1544.) Here, although mother appealed from the juvenile court's jurisdiction and disposition findings, mother does not raise challenges to the court's finding of jurisdiction. She only raises challenges to the court's dispositional orders.

was ordered, the juvenile court already found that mother had participated in her initial case plan.  Mother's participation in subsequent case plans adopted at future review hearings, not the initial case plan, would form the basis of any later decisions regarding child's placement.

Based on the foregoing, we dismiss this appeal as moot.

## DISPOSITION

The appeal is dismissed as moot.

_____

Premo, J.

WE CONCUR:


_____

Rushing, P.J.


_____

Márquez, J.