Filed 10/13/20  In re M.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re M.P., a Person Coming Under the Juvenile Court Law. | C090720 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY, AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.P.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD239646) |

M.P., father of the minor, appeals from the juvenile court's orders, entered at the six month review hearing, which returned the minor to mother's custody with family maintenance services and terminated his reunification services. (Welf. & Inst. Code, §§ 366.21, 395.)[1]  He contends the orders must be reversed because he was not provided

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

statutorily compliant notice of the hearing and the juvenile court applied the wrong legal standard in terminating his services. He also contends the juvenile court and the Sacramento County Department of Child, Family, and Adult Services (Department) failed to comply with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).

During the pendency of this appeal, however, the juvenile court terminated dependency jurisdiction and entered new visitation and custody orders. This court has received a copy of the juvenile court's March 12, 2020, exit orders awarding joint legal custody of the minor to mother and appellant, sole physical custody of the minor to mother, and terminating the dependency. Having complied with the provisions of Evidence Code section 459, subdivision (d), this court takes judicial notice of the juvenile court's March 12, 2020, orders, which were not appealed and are now final. (Evid. Code, §§ 452, 459.) As a result of these subsequent events, we dismiss the appeal as moot.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; see also *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol. etc. Corp. v. United A. etc. Workers, supra,* at p. 863; see also *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

In his opening brief, appellant contends his statutory and due process rights to notice of the September 26, 2019, six-month review hearing were violated because the Department did not serve him statutorily compliant notice of the hearing at his place of incarceration. Appellant also argues the juvenile court applied the wrong legal standards, and therefore abused its discretion, when it decided not to continue his services at that hearing. These issues are moot.

The minor has been returned to parental custody and jurisdiction terminated. The September 26, 2019, orders are no longer in effect and did not form the jurisdictional basis for the juvenile court's exit orders. (c.f. *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548.) Jurisdiction and supervision of the minor is no longer in effect, nor necessary and, as such, this court cannot order a new review hearing be held or additional services be provided to appellant. Simply put, this court cannot provide any effectual relief.

Appellant also contends, in his opening brief, that the juvenile court and Department failed to comply with the ICWA because the notices the Department mailed to the tribes did not include information about his great-great grandmother that he admits he did not have, but believed his grandmother would have. This issue is also moot.

The ICWA focuses on "the removal of Indian children from their homes and parents, and placement in foster or adoptive homes." (*In re J.B.* (2009) 178 Cal.App.4th 751, 759-760, italics omitted, citing 25 U.S.C. §§ 1901 & 1902; § 224, subd. (a)(1); Cal. Rules of Court, rule 5.480.) The ICWA notice requirement "com[es] into play when the agency seeks foster care placement and the juvenile court has reason to believe the child is in Indian child." (*In re J.B., supra*, at p. 759, citing 25 U.S.C. § 1912(a).)

Here, the minor is in mother's custody and dependency jurisdiction has been terminated. Thus, there is no longer any agency seeking foster care placement and any earlier failure of the Department to comply with the ICWA notice provisions is now moot.

While this court has discretion to reach the merits of otherwise moot claims when they involve "matters of broad public interest that are likely to recur" (*In re Mark C.* (1992) 7 Cal.App.4th 433, 440; see *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622) or "issue[s] capable of repetition yet evading review" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967), there has been no showing the alleged errors identified and briefed in the opening brief on appeal are of these types. The alleged errors briefed by appellant are fact-specific to the procedural circumstances of this case.[2]

## DISPOSITION

As all of the issues raised by appellant are moot, the appeal is dismissed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

KRAUSE, J.


_____

[2] For example, despite the fact that appellant was incarcerated when he provided his grandparent's address as his designated mailing address, appellant complains that the Department mailed notice of the hearing to his designated address instead of his place of incarceration. Appellant further had actual notice of the hearing date and his counsel did not object to the notice at the subject hearing.