Filed 10/19/20 P. v. Guerrero CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057840, G057843 |
| v. | (Super. Ct. Nos. 16CF2953, 15WF1240) |
| ENRIQUE GUERRERO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge. Appeal dismissed.

Cathryn L. Rosciam and Jill M. Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

When a defendant is resentenced a trial court must reconsider the entire sentence, including fines and fees.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; see also *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34.)

In 2018, a trial court ordered defendant Enrique Guerrero to pay certain fines and fees as part of his sentence.  In 2019, the court denied Guerrero's request to reduce and/or strike the fines and fees.  Guerrero filed this appeal; he is arguing the fines and fees violate his right to due process of law.  (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164.)  But earlier this year—as part of a previously filed appeal—this court vacated part of Guerrero's 2018 sentence and ordered him to be resentenced.

Thus, because our resentencing order required the trial court to reconsider its earlier order of fines and fees, we are dismissing this appeal as moot.


I

FACTS AND PROCEDURAL HISTORY

In 2017, a jury convicted Guerrero of being a felon in possession of a firearm, related crimes, and found true his prior convictions.  The trial court imposed a sentence of nine years, four months (15WF1240).  This court affirmed the judgment on appeal.  (*People v. Guerrero* (Dec. 7, 2018, G055485) [nonpub. opn.].)

In 2018, a jury convicted Guerrero of evading an officer and related crimes. The trial court found Guerrero committed the crimes while out on bail, and found true his prior convictions (16CF2953).  The court imposed an aggregate sentence (for both cases) of 12 years, eight months, including two years for two "prison priors."  (Pen. Code, § 667.5, subd. (b).)  Due to a retroactive change in the law, we vacated the prison priors and remanded the matter for resentencing in a consolidated appeal.  (*People v. Guerrero* (Feb. 6, 2020, G056876, G056895) [nonpub. opn.] (*Guerrero II*).)

On April 9, 2019, while *Guerrero II* was pending in this court, Guerrero filed a letter with the trial court asking it to reduce the fines and fees.  (See *People v.*

2

*Dueñas*, *supra*, 30 Cal.App.5th 1157.) Guerrero stated: "*Duenas* was decided several months after" his sentencing. Guerrero's counsel stated: "If this court denies this request, counsel respectfully requests it issue a minute order acknowledging its consideration and denial of the request."

On April 9, 2019, the trial court issued a minute order stating it had "read and considered Correspondence from" Guerrero's counsel. The court ruled: "Defense counsel's request to strike the assessments imposed under Penal Code section 1465.8 and Government Code is DENIED."

On June 6, 2019, Guerrero filed a postjudgment notice of appeal in both cases (16CF2953 & 15WF1240). This court consolidated the appeals. We later filed an order stating: "Any party who objects to the proposed ordered of dismissal must file and serve a letter brief setting forth the reasons for its objection by October 8, 2020."

To date, we have received no letter briefs.

II

DISCUSSION

Generally, a "judgment is rendered when the trial court orally pronounces sentence. [Citations.] A judgment in a criminal case may consist of a fine, a term of imprisonment, or both . . . ." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.)

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks*, *supra*, 5 Cal.5th at p. 893.) The trial court may "reconsider[] its prior sentencing choices made under the normal rules of felony sentencing . . . , so long as the total prison term for all affirmed counts does not exceed the original aggregate sentence." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253.)

3

In the earlier appeal, we vacated part of Guerrero's 2018 sentence and ordered that he be resentenced.  (*Guerrero II*, *supra*, G056876, G056895.)  Our order for resentencing necessarily required the trial court to impose a new sentence, including the fines and fees.  (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 893 [a full resentencing hearing is appropriate]; *People v. Nilsson, supra,* 242 Cal.App.4th at p. 34 ["new sentences (including terms, fines, fees, and restitution)"].)

Therefore, any challenges to the fines and fees imposed at the 2018 sentencing hearing are moot because those fines and fees are no longer in effect.  (See *People v. Echavarria* (2017) 13 Cal.App.5th 1255, 1272; see also *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547 ["'As a general rule, "an appeal presenting only abstract or academic questions is subject to dismissal as moot"'"].)

III

DISPOSITION

The appeal is dismissed.


MOORE, ACTING P.J.

WE CONCUR:


FYBEL, J.


GOETHALS, J.

4
