Filed 3/5/21  In re Brook F. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re BROOK F., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MADDEX B.,<br><br>    Defendant and Appellant. | A160630 & A160926<br><br>(Alameda County<br>Super. Ct. No. JD03036101) |

Maddex B. (Father) appeals from two juvenile court orders relating to visitation in this dependency proceeding regarding his daughter Brook F. (Minor).[1]  In particular, appeal case number A160630 challenges the court's June 16, 2020 order withdrawing the Alameda County Social Services

_____

[1] On the court's own motion, we consolidate the appeals in case numbers A160630 and A160926 for purposes of decision.  (*Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 481.)  This court previously issued a decision with respect to Father's appeal from the juvenile court's jurisdictional and dispositional orders.  (See *In re Brooke F.* (Jan. 17, 2020, A157203) [nonpub. opn.].)  We note that Father subsequently informed the juvenile court the Minor's name was misspelled in the petition and it should be spelled "Brook."

1

Agency's (Agency) discretion to resume visits with Father. And appeal case number A160926 challenges the court's September 10 order denying the Agency's request for Minor to have a two-week trial visit in Father's home.

On December 24, 2020, this court granted the Agency's motion to augment the record in both appeals. The augmentation consisted of a minute order reflecting that, on December 2, the juvenile court found that Father had made substantial progress toward alleviating the causes requiring out-of-home placement, that returning Minor to Father's custody would not create substantial risk of detriment, and that reunification of Minor with Father was the appropriate permanent plan. The court ordered Minor placed in Father's care "effective immediately," with the condition that they were "to remain in the relative paternal grandparent's home." The court directed the Agency to provide family maintenance services and stated, "At the next dependency status review hearing, the Court will determine the extent of compliance with the case plan as an important factor in deciding whether it would be detrimental to dismiss juvenile court jurisdiction." The court scheduled a report and review hearing for May 18, 2021.

In its briefing on appeal, the Agency contends that, in light of the December 2, 2020 order, Father's challenges to the June and September orders relating to visitation are moot. "As a general rule, it is a court's duty to decide ' " 'actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' [Citation.] An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief. [Citation.] Still, a court may exercise its inherent discretion to resolve an issue when there remain 'material questions for the court's

2

determination' [citation], where a 'pending case poses an issue of broad public interest that is likely to recur' [citation], or where 'there is a likelihood of recurrence of the controversy between the same parties or others.'" (*In re N.S.* (2016) 245 Cal.App.4th 53, 58–59.)

Father does not explain how the June and September 2020 orders could have *any* adverse effect on him in the future. It is true the December 2 order does not reflect termination of the dependency proceeding, and it is possible Minor could be removed from Father's custody in the future. But Father does not explain how reversal of the challenged orders would assist him in avoiding that possibility. (Cf. *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548 [appeal from jurisdictional findings not moot, notwithstanding the termination of dependency proceedings, where the findings were the basis for "restrictive visitation and custody orders"].) Father asserts he "has already been repeatedly deprived of the opportunity to demonstrate, via extended home visits between himself and [Minor], that he was and is fully capable of providing proper custodial care for her …" But he fails to explain how this court can provide "effective relief" (*In re N.S., supra,* 245 Cal.App.4th at p. 59) for any such deprivation, given that he now has custody.

We also reject Father's suggestion that his pending appeal from the December 2, 2020, order affects our analysis.[2] Father does not claim his appeal could result in him losing custody of Minor; presumably he challenges the conditions the juvenile court placed on that custody or the terms of his case plan.

Finally, we decline Father's request that this court exercise its discretion to consider his challenges notwithstanding mootness. The claims

---

[2] We take judicial notice of Father's December 22, 2020 notice of appeal.

3

on appeal present no "issue of broad public interest that is likely to recur." (*In re N.S.*, *supra*, 245 Cal.App.4th at p. 61, fn. 3.)

Because Father's challenges to the two orders regarding visitation are moot, we will dismiss both appeals. (See, e.g., *In re Sabrine H.* (2007) 149 Cal.App.4th 1403, 1417 [dismissing as moot a mother's challenge to placement of a minor with her father where the minor was subsequently placed with the mother].)

DISPOSITION

Appeal case numbers A160630 and A160926 are dismissed as moot.

_____

                              SIMONS, Acting P.J.

We concur.

_____

BURNS, J.

_____

SELIGMAN, J.*

(A160630, A160926)

_____

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.