Filed 11/17/21  In re E.M. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re E.M et al., Persons Coming Under the Juvenile Court Law. | B309525 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>N.M. and S.W.,<br><br>    Defendants and Appellants. | Los Angeles County Super. Ct. No. 20CCJP04752 |

APPEAL from an order of the Superior Court of Los Angeles County, Julie F. Blackshaw, Judge. Conditionally reversed and remanded in part; dismissed in part.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Appellant N.M.

Lori Siegal, under appointment by the Court of Appeal, for Defendant and Appellant S.W.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

# INTRODUCTION

This case arises out of dependency proceedings concerning L.M. (mother),[1] and her two children, E.M. and L.W. In the underlying proceedings, the juvenile court exercised jurisdiction over the children under Welfare and Institutions Code[2] section 300, subdivisions (a) and (b) and ordered mother and the children's respective fathers, N.M. and S.W., to participate in services.

On appeal, N.M., E.M.'s father, contends only that the Department of Children and Family Services (Department) failed to comply with the inquiry and notice provisions of the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 et seq. N.M. therefore seeks remand with directions for the Department to perform further inquiry in compliance with section 224.2, subdivision (e). The Department concedes it did not conduct an adequate inquiry and thus the matter must be remanded to the juvenile court for further ICWA inquiry and notice. For the reasons stated below, we agree and conditionally reverse the court's disposition orders and remand the matter to the juvenile court so they may comply with ICWA requirements.

Separately, S.W., L.W.'s father, challenges the portion of the dispositional order requiring him to participate in services. The Department contends S.W.'s appeal is moot. We agree and dismiss his appeal.

---

1      Mother is not a party to this appeal.

2      All further undesignated statutory references are to the Welfare and Institutions Code.

## BACKGROUND

In August 2020, mother and her partner, A.S., engaged in a domestic violence incident in E.M.'s presence. E.M. was knocked down during the incident. L.W. was not present at the time. L.W. lived with S.W. pursuant to a family law court order. During its investigation, the Department discovered mother had engaged in a separate domestic violence incident with S.W. in March 2020. The police found mother was the aggressor in that incident.

In September 2020, the Department filed a petition on the children's behalf under section 300, subdivisions (a) and (b). The petition alleged the children were at substantial risk of serious physical harm due to mother's domestic violence incidents with A.S. and with S.W., and mother's failure to protect the children by allowing A.S. to have unlimited access to them.[3] The ICWA-010 forms attached to the petition indicated mother denied any knowledge of Indian ancestry.

While the detention report also indicated mother denied any known Indian ancestry, at the September 2020 detention hearing mother claimed her maternal grandmother might have Indian ancestry. She claimed her father would have more information. Consequently, the juvenile court ordered the Department to interview mother and maternal grandfather about possible maternal Indian ancestry. The juvenile court also ordered the Department to notice the Bureau of Indian Affairs.

---

3     Initially, the petition also asserted one count against S.W. alleging he failed to protect L.W. from mother by allowing her to have unlimited access to L.W. even though he knew or reasonably should have known mother's history of drug abuse. The Department, however, subsequently dismissed that count.

The juvenile court subsequently issued orders authorizing the Department to detain E.M. and L.W. from mother, and to detain E.M. from N.M. The juvenile court found L.W.'s detention from S.W. was not necessary.

At the December 2020 adjudication hearing, the juvenile court sustained the counts against mother and declared the children dependents of the court. The juvenile court found both fathers were "non-offending" because the counts in the petition related only to mother's conduct. The juvenile court removed both children from mother's custody. E.M. was also removed from N.M. and placed with her paternal aunt. L.W. was released to S.W. Over S.W.'s objections, the juvenile court ordered him to complete a case plan consisting of drug testing, a parenting program, participation in family preservation services, and individual counseling. At the same hearing, the juvenile court also found ICWA did not apply.

During the pendency of this appeal, the Department filed a status review report in preparation for the six-month status review hearing. The Department reported S.W. successfully completed all court-ordered drug testing, a parenting class, family preservation services, and individual counseling. Subsequently, at the status review hearing held in June 2021, the juvenile court terminated jurisdiction for L.W. and awarded S.W. sole legal and physical custody.[4]

---

4       On our own motion, we take judicial notice of juvenile court minute orders from two June 2021 hearings post-dating the notice of the appeal. (Evid. Code, §§ 459, subd. (a) [reviewing court may take judicial notice of any matter specified in Evid. Code, § 452], 452, subd. (d)(1) [judicial notice may be taken of "[r]ecords of any court of this state"].)

# DISCUSSION

## I.    ICWA

As stated above, N.M. argues the Department failed to satisfy its inquiry obligations under ICWA by failing to interview maternal grandfather in compliance with section 224.2, subdivision (e). He therefore asks us to remand with directions for the Department to perform further inquiry into mother's potential Indian heritage.

The Department acknowledges the record does not contain evidence of its communication with maternal grandfather, ICWA notice return receipts, or responses from the noticed tribes. It therefore concedes it failed to fully comply with the requirements of ICWA. Consequently, the Department agrees we should order a limited remand to the juvenile court so the Department may conduct proper inquiry and notice under ICWA with respect to mother. Having reviewed the record, we agree with the parties.

## II.    Challenge to the Court-Ordered Case Plan

"An appellate court will not review questions which are moot and only of academic importance, nor will it determine abstract questions of law at the request of a party who shows no substantial rights can be affected by the decision either way. [Citation.] An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]" (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054-1055.) "[T]he case 'is not moot if the purported error is of

5

such magnitude as to infect the outcome of [subsequent proceedings] or where the alleged defect undermines the juvenile court's initial jurisdictional finding. Consequently the question of mootness must be decided on a case-by-case basis.' [Citation.]" (*In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547, emphasis omitted.) "Courts also have discretion to resolve appeals that are technically moot if they present important questions affecting the public interest that are capable of repetition yet evade review. [Citation.]" (*In re J.P.* (2017) 14 Cal.App.5th 616, 623.) An appeal that has been rendered moot is subject to dismissal. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

As stated above, S.W. was a non-offending parent as his actions were not the basis for any of the sustained allegations in the petition. Additionally, S.W. completed his case plan and the juvenile court terminated jurisdiction over L.W. The order terminating jurisdiction was in favor of S.W. and does not form the basis of any adverse custody ruling. (*In re N.S.* (2016) 245 Cal.App.4th 53, 61.) S.W. has not shown, and we cannot ascertain, how the issuance of the court-ordered case plan in and of itself would prejudice him, and therefore how reversal of the portion of the disposition order requiring him to participate in services would provide him with any effective relief. Additionally, the juvenile court custody order granting S.W. full legal and physical custody does not affect his rights. (See *In re Briana V.* (2015) 236 Cal.App.4th 297, 309 [termination of dependency jurisdiction does not necessarily moot appeal if challenged finding could have consequences for appellant beyond jurisdiction]; see also *In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["'"[a]n issue is not moot if the purported error infects the outcome of subsequent proceedings."' [Citation.]"]; *In re J.K.* (2009) 174 Cal.App.4th

1426, 1431-1432 [appeal from jurisdiction findings is not moot where sustained findings have an adverse effect on custody or visitation rights].)

Because we cannot grant S.W. any effective relief by reversing the portion of the dispositional order requiring him to participate in services, we dismiss S.W.'s appeal as moot. (See *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498 ["Our decision here would not affect the outcome in a subsequent proceeding; therefore we cannot grant effective relief. [Citation.]"].)

## DISPOSITION

With respect to N.M.'s appeal, the disposition order is conditionally reversed with instructions to inquire into mother's potential Indian heritage and, if relevant information not contained in previous notices sent in this case is discovered, send out new notices to the relevant tribes in accordance with ICWA and California law. The Department shall thereafter inform the juvenile court of its findings and actions, and the court shall hold a hearing to determine whether the ICWA inquiry and notice requirements have been satisfied and whether E.M. is an Indian child. If the juvenile court finds she is an Indian child, it shall proceed in conformity with ICWA and related California law. If the court finds she is not an Indian child, the court's December 4, 2020 order shall be reinstated. The matter is remanded to the juvenile court for compliance with the inquiry and notice provisions of ICWA and related California law as directed herein.

With respect to S.W., his appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.