Filed 1/31/22  In re O.M.-P CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re O.M.-P. et al., Persons Coming Under the Juvenile Court Law. | B311185 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20LJJP00259D-F) |

APPEAL from orders of the Superior Court of Los Angeles County, Robin R. Kesler, Judge Pro Tempore.  Dismissed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

T.M. (Father) and V.P. (Mother) have three children together: O.M.-P., S.M.-P., and E.M.-P. The juvenile court assumed dependency jurisdiction over the children after finding the parents engaged in violent altercations in the minors' presence and Father sexually abused one of Mother's children from another relationship by sending the child sexually explicit videos of Mother. Father noticed an appeal to challenge the sexual abuse jurisdiction finding and the disposition order requiring him to participate in sexual abuse counseling. While Father's appeal was pending, the juvenile court terminated its jurisdiction over the children with an order giving Mother sole legal and physical custody. We consider whether the unchallenged order terminating jurisdiction renders Father's appeal of the jurisdiction finding and disposition order moot.

## I. BACKGROUND

### A. *Dependency Investigation*

In addition to O.M.-P. (born in 2014), S.M.-P. (born in 2016), and E.M.-P. (born in 2019), Mother has three older minor children from previous relationships, including M.L.-P. (born in 2007). In early 2020, the Los Angeles County Department of Children and Family Services (the Department) received information that Father physically abused Mother and that Mother and some of the children were sleeping in a car.

Mother told a Department social worker that she and the three youngest children lived with Father for a few months at the end of 2019. Mother and Father were not in a relationship at the time, and she moved into the home on the understanding that Father would be moving out. (A 10-year criminal protective order, issued in 2016, prohibited Father from having contact with

2

Mother.)  Father remained in the home, however, and their frequent arguments sometimes escalated to physical violence. Father denied living with Mother and the children in 2019 and he also denied any ongoing domestic violence.

The Department filed a dependency petition alleging all six children were at substantial risk of serious physical harm because, among other things, Mother and Father have a history of engaging in violent altercations in their presence, one of their arguments led to Mother and the three youngest children spending the night in a vehicle, and Father's contact with Mother constituted a violation of a criminal protective order.  At an initial hearing on the petition, the juvenile court ordered all six children detained from Mother, ordered Father's three children detained from Father, and ordered Mother's three older children released to their fathers.

During the Department's ensuing investigation of the minors' welfare, Mother said Father started abusing her by grabbing her arms after S.M.-P. was born, but he eventually started punching her.  O.M.-P. and S.M.-P. corroborated Mother's account of having suffered physical abuse at the hands of Father.

Over the next several months, Mother and others close to her reported threats and harassment by Father.  Father also sent sexually explicit photos and videos of Mother to her family and others.  He posted an "intimate" video of Mother on Instagram that he recorded without her knowledge.  He sent a video of Mother and Father having sex to Mother, her adult son, the children's caregiver, and the father of one of Mother's older children.  The children's caregiver reported Father also sent a "revenge porn" "sex video" of Mother to Mother's 15-year-old niece.

3

Father did not stop there.  He also sent Mother's oldest minor son, M.L.-P., sexually explicit videos of Mother along with crass and explicit text messages including the following (these are not the most explicit): "You'll hear ur mom moaning so good"; "You liked the way your mom sounds"; and "Look at your hoe ass mom she's not good that's why she lost her kids."  Father also sent M.L.-P. several messages referring to M.L.-P. and his father as "snitches."  M.L.-P. blocked messages from Father's phone number, but Father continued to send him messages from different numbers.  Around the same time, Mother received text messages from Father threatening that if she did not agree to meet with him, M.L.-P. would "pay for it tomorrow."

After learning of this post-petition conduct by Father, the Department filed an amended dependency petition.  The previously alleged count under Welfare and Institutions Code section 300, subdivision (b)(1)[1] was amended to reference Father's threats against M.L.-P.  The petition also included a new count under section 300, subdivision (d), alleging Father sexually abused M.L.-P. by sending him "at least three explicit sexual videos . . . where [Father] and [M]other were engaged in sexual intercourse."

### B.     Adjudication and Disposition

The juvenile court held a combined jurisdiction and disposition hearing in March 2021.  Mother pled no contest to the section 300, subdivision (b)(1) count.  Father's attorney contended the section 300, subdivision (d)(1) count should be dismissed because, among other things, "there is no risk of physical sexual

---

[1]     Undesignated statutory references that follow are to the Welfare and Institutions Code.

4

abuse because there is no sexual intent by [Father]. If [Father] did indeed send these messages to the child, he did not send them in order to groom the child for sexual abuse. It's clear that these messages were sent [with] the intent to harass and taunt, not to sexually abuse." Counsel for Father's children agreed with Father's attorney's assessment that Father's text messages to M.L.-P. were "more in line with [Father's] continued outrageous incidents of domestic violence, rather than a sexual act aimed at the child."

The juvenile court sustained the allegations of domestic violence and sexual abuse under both sections 300, subdivisions (b)(1) and (d).[2] As to the sexual abuse finding, the juvenile court explained "there's lots of other things [Father] could have done that wasn't sexual in nature. He had been quite threatening otherwise, but to this child he sent an actual sexual video of his mother involved in sexual intercourse." The juvenile court ordered Father to participate in individual counseling, parenting education, a domestic violence course, and sexual abuse counseling for perpetrators because Father was "obviously not aware that his behavior is . . . sexual perpetrator type behavior."

### C. *Appeal and Termination of Jurisdiction*

Father appealed from the jurisdiction finding and disposition order, challenging the juvenile court's decision to sustain the section 300, subdivision (d) sexual abuse allegation and the order that he participate in sexual abuse counseling. Father did not challenge the juvenile court's finding of jurisdiction based on domestic violence.

---

[2] The juvenile court granted the Department's motion to strike the section 300, subdivision (a) count.

While Father's appeal was pending, the Department submitted a letter attaching juvenile court minute orders dated September 7, 2021, and September 10, 2021, that granted Mother sole legal and physical custody of the children and terminated dependency jurisdiction over the children. The custody order permitted Father to have one monitored visit per year, and, on a form used to list reasons for no or supervised visitation, the court stated Father had not completed court ordered programs, including sexual abuse counseling.

This court construed the Department's letter as a motion for judicial notice and we granted the motion after permitting Father to file an opposition (which he did not). This court then ordered Father to show cause why his appeal should not be dismissed as moot.

In response, Father argued this court can still grant effective relief by directing the juvenile court to modify its custody order. Father sought to distinguish authority holding an appeal from the subsequent order terminating jurisdiction is a prerequisite for obtaining relief in this proceeding by emphasizing that the time to notice an appeal from the jurisdiction termination order had not by then expired.

On our own motion, we take judicial notice of the juvenile court's docket that indicates that Father did not file a timely notice of appeal from the order terminating jurisdiction or the accompanying custody and visitation orders. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); Cal. Rules of Court, rule 8.406(a)(1).)

## II. DISCUSSION

"'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for

6

the appellate court to grant the appellant effective relief. [Citations.]' (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054[-1055].)" (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[D]ismissal for mootness in such circumstances is not automatic, [however,] but 'must be decided on a case-by-case basis.'" (*Ibid.*; see also *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

Father contends we can still provide effective relief by reversing the jurisdiction finding or the disposition order and directing the juvenile court to modify the custody order. Without an appeal from the custody and jurisdiction termination order, however, there is no procedural mechanism for granting such relief. (See *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 (*Michelle M.*) [holding "no direct relief can be granted even were we to find reversible error, because the juvenile court no longer has jurisdiction," and explaining the appellant's "remedy was to attack the juvenile court's order terminating jurisdiction"].) As the Court of Appeal recently explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156 (*Rashad D.*), "to the extent an appellant argues . . . that [a] challenged jurisdiction finding resulted in an adverse juvenile custody order and seeks to have that custody order set aside, in addition to the appeal from the jurisdiction finding, an appeal from the orders terminating jurisdiction and awarding custody is necessary for this court to be able to provide effective relief. Unless the appellate court reverses or vacates the

7

order terminating dependency, the juvenile court has no jurisdiction to conduct further hearings in the now-closed case, including modification of its custody order. (See § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody 'until the time that the petition is dismissed or dependency is terminated']; Cal. Rules of Court, rule 5.620(a) [same].)" (*Id.* at 164, fn. omitted.) Here, because Father did not appeal the order terminating its jurisdiction over the children or the accompanying custody and visitation orders, "a remand for further proceedings in the juvenile court would be meaningless."[3] (*Id.* at 165.)

Father contends the Court of Appeal's reasoning in *Rashad D.* is flawed because "challenges to only one aspect of [a] final custody order—like to the visitation order—would need to be dismissed." Even if this followed from *Rashad D.*, the argument is irrelevant because Father has not challenged the visitation order in this case. Father also contends there is a split of authority as to whether a challenge to jurisdiction findings or a disposition order is mooted by an unchallenged order terminating dependency jurisdiction. Neither of the cases Father cites, however, discusses how an appellate court may provide effective

---

[3] Because Father does not challenge the section 300, subdivision (b)(1) basis on which the juvenile court assumed jurisdiction over the children, we would be justified in declining to review the correctness of the section 300, subdivision (d) finding (see, e.g., *In re I.J.* (2013) 56 Cal.4th 766, 773) even if we did not hold that the lack of an appeal from the later custody and jurisdiction termination order warrants dismissal of this appeal.

relief in the form of a modified custody or visitation order when there is no challenge to these orders.[4]

One final note.  After Father filed his response to the order to show cause, our colleagues in Division One of this court published an opinion questioning "the 'general rule' that termination of juvenile court jurisdiction renders a pending dependency appeal moot . . . ." (*In re S.G.* (2021) 71 Cal.App.5th 654, 665 (*S.G.*).)  The *S.G.* court held it could provide effective relief in an appeal from the juvenile court's denial of a restraining order notwithstanding an unchallenged order terminating jurisdiction because "the remittitur issued as a result [of reversal] would grant the juvenile court the power to carry out our directions." (*Id.* at 668.)  Whatever the merits of the *S.G.* court's analysis, its disagreement with the framing of *Michelle M.* and *Rashad D.* did not extend to the conclusion in those cases that a reviewing court cannot provide effective relief in the form of a modified custody or visitation order issued in conjunction with an order terminating jurisdiction—absent a

---

[4]    In *In re Joshua C.* (1994) 24 Cal.App.4th 1544, the Court of Appeal declined to dismiss as moot an appeal challenging a jurisdiction finding notwithstanding an order terminating jurisdiction, but there was no need to identify the procedural mechanism by which effective relief could be granted because the jurisdiction finding was affirmed.  (*Id.* at 1549.)  In *In re J.P.* (2017) 14 Cal.App.5th 616, the Court of Appeal took judicial notice of an apparently unchallenged order terminating dependency jurisdiction and held this did not moot an appeal from a disposition order, but "le[ft] it to the sound discretion of the dependency court to determine what procedural steps [were] appropriate" on remand because it "lack[ed] specific information as to the intervening factual and procedural developments."  (*Id.* at 630.)

challenge to those orders.  (*Ibid.*)  That is precisely the situation in this case.

## DISPOSITION
The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

I concur:


KIM, J.

*LOS ANELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES v. T.M. - B311185*

**RUBIN, P. J. - Concurring**

I concur in the judgment.

RUBIN, P. J.