Filed 4/27/23  In re C.C. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| In re C.C., et al., Persons Coming Under Juvenile Court Law. | B315443 c/w B320655 |
| _____ <br><br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.R., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP02156A-B) |

APPEAL from orders of the Superior Court of Los Angeles County, Steff Padilla, Commissioner Presiding.  Dismissed.

Zaragoza Law Office and Gina Zaragoza for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

_____

Father appeals the juvenile court's order finding jurisdiction over his two young children and dispositional orders. Specifically, father challenges the (1) jurisdictional findings that his substance abuse placed the children at substantial risk of suffering serious physical harm, (2) dispositional order removing the children from his physical custody, and (3) six-month review findings that returning the children to parental custody would be detrimental to the children's well-being. While this appeal was pending, the children were placed in father's custody.

We conclude that father's jurisdictional challenge is nonjusticiable: jurisdiction was also based on mother's drug use. Father's appeal is moot as to the latter two challenges because the children are now in his custody. We therefore dismiss father's appeal.

### *FACTUAL AND PROCEDURAL BACKGROUND*

At the inception of this dependency case, the children lived with their two half siblings, mother, and her boyfriend. Mother had prevented father from accessing the children, and father was seeking visitation orders through the family court. The family came to the attention of the Los Angeles Department of Children and Family Services (DCFS) when a half sibling tested positive for methamphetamine at birth. We do not further discuss the half siblings or the boyfriend as they are not relevant to our analysis.

1. *Jurisdiction and Disposition*

On May 7, 2021, DCFS filed a Welfare and Institutions Code section 300 petition on behalf of the children.[1] The petition alleged in separate counts that mother's abuse of

---

[1] All subsequent statutory references are to the Welfare and Institutions Code, unless indicated otherwise.

2

methamphetamine and amphetamine, and father's abuse of marijuana placed the children at risk of harm. Five days later, the court detained the children from the parents.

On June 24, 2021, the juvenile court sustained the dependency petition in its entirety, and assumed dependency jurisdiction over the children pursuant to section 300, subdivision (b)(1). On August 4, 2021, the juvenile court held the disposition hearing, ordered the children removed from parental custody, and granted the parents family reunification services.

A month later, father filed a notice of appeal challenging the jurisdictional findings and dispositional order.

## 2. *Six Month Review Hearing*

On April 21, 2022, the juvenile court held a six-month review hearing. The juvenile court found that continued jurisdiction was necessary, returning the children to parental custody would be detrimental to the children's well-being, and there was a substantial probability of returning the children to parental custody if family reunification services were continued for another six months. The court ordered reunification services to continue for another six months.

Father subsequently filed a notice of appeal challenging the findings and orders made at the six-month review hearing.

## 3. *The Children Were Placed in Father's Custody*

While both appeals were pending, on December 7, 2022, the juvenile court held a 12-month review hearing. The court found that continued jurisdiction was necessary, father had made substantial progress with his case plan, and returning the children to father's custody would not be detrimental to the children's well-being. The court terminated its suitable

3

placement orders, ordered the children placed with father, and ordered DCFS to provide family maintenance services to father.

### DISCUSSION

**1.**     ***Father's Appeal of the Jurisdictional Finding Against Him is Not Justiciable***

The juvenile court sustained counts against both mother and father. While father challenges the sufficiency of the evidence as to the allegations related to his substance abuse, he makes no challenge to the jurisdictional findings of substance abuse against mother.

An appeal from a jurisdiction finding under section 300 is not justiciable where "no effective relief could be granted . . . , as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such [challenged] jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 329; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 ["An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status."].) " '[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent. [Citations.]' [Citation.] 'For this reason, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings.' " (*In re Briana V.* (2015) 236 Cal.App.4th 297, 308.)

That said, appellate courts may exercise their discretion and reach the merits of a challenge to a jurisdictional finding, for example, where the parent would suffer prejudice in subsequent proceedings or where the finding is based on particularly

4

"pernicious or stigmatizing conduct."  (*In re D.P.* (2023) 14 Cal.5th 266, 285–286, 282 *(D.P.*) [discussing exercise of discretion when appeal moot]; *In re Madison S., supra*, 15 Cal.App.5th at p. 329 [stating same for when appeal not justiciable].)  "Though stigma alone will not sustain an appeal, a court may consider the nature of the allegations against the parent when deciding whether discretionary review is proper.  The more egregious the findings against the parent, the greater the parent's interest in challenging such findings."  (*D.P., supra,* 14 Cal.5th at p. 286.)  Where an appeal is not justiciable "because one parent appealed and not the other, but the findings against the parent who has appealed are based on more serious conduct, it may serve the interest of justice to review the parent's appeal."  (*Ibid*.)

It is also true that where a jurisdictional finding results in dispositional orders that continue to adversely affect a parent, the appellate court shall review the jurisdictional finding.  (*D.P., supra,* 14 Cal.5th at pp. 277–278 ["a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent"]; *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548; see *In re D.P.* (2015) 237 Cal.App.4th 911, 917 [court may exercise discretion to review merits of jurisdictional findings where they are the basis for dispositional orders challenged on appeal].)

Here, regardless of whether we grant father relief, the juvenile court would have jurisdiction over the children based on the sustained jurisdictional findings as to mother.  Father argues we should nonetheless address his jurisdiction arguments for two reasons:  he is also appealing dispositional orders and the

jurisdictional appeal would determine whether he is an offending parent. Pointing out that he had previously been in a custody battle with mother, father asserts "being offending or non-offending may have far-reaching implications with respect to possible future dependency proceedings, as well as possible future family law proceedings."

We decline to reach the merits of father's jurisdictional challenge. First, as will be explained below, father's appeal of the dispositional orders is moot. Therefore, the appeal of dispositional orders is not a basis for addressing jurisdiction.

Second, we are not convinced our resolution of father's claim would have "a single specific legal or practical consequence. . . , either within or outside the dependency proceedings." (*In re I.A., supra,* 201 Cal.App.4th at p. 1493.) Despite father's conclusory assertion that his offending status may have far reaching implications, father has not articulated specific consequences or prejudice he would suffer as an offending parent. The nature of the allegations against father, i.e., that his marijuana abuse rendered father incapable of providing the children regular care and supervision, is far less egregious than the findings about mother's methamphetamine abuse while pregnant and taking care of the children. (See *D.P., supra,* 14 Cal.5th at p. 286.) Father's speculation about prejudice and stigma is not enough to compel review.[2]

We dismiss father's appeal of the jurisdictional findings as not justiciable.

_____

[2] Father, in apparent anticipation that DCFS would make a non-justiciability argument, addressed the point in his opening brief and argued that his jurisdictional claim was justiciable. DCFS did not mention justiciability in its respondent's brief.

## 2.    *Father's Appeal of the Dispositional Order Removing the Children From His Custody and of the Six-Month Review Findings Are Moot*

DCFS argues that the juvenile court's placement of the children in father's custody mooted father's appeal of "(1) the orders made at the disposition hearing that removed the children from his physical custody and (2) the findings and orders made at the six-month review hearing that did not return the children to parental custody."  Father does not address DCFS's mootness argument in his reply brief.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)  "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

Through his appeal of the initial disposition removing the children from his custody and the six-month hearing's disposition refusing to place the children with him, father sought return of the children to his custody.  As father regained custody of the children on December 7, 2022, we cannot afford him any relief.  The remainder of his appeal is moot.

7

## *DISPOSITION*

The appeal is dismissed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR, J.