Filed 1/13/25  In re Z.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Z.H. et al., Persons Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br>v.<br>K.L.,<br><br>    Defendant and Appellant. | A170347<br><br>(Sonoma County Super. Ct. Nos. 24JD00006, 24JD00007) |

Minors Z.H. and L.H.[1] were taken from their parents' custody based on allegations that the parents had unresolved substance abuse problems.  The juvenile court took jurisdiction under section 300, subdivisions (b) and (g) of the Welfare and Institutions Code (further unspecified statutory references are to this code) and entered a disposition order declaring the children dependents of the court and ordering reunification services to the presumed

---

[1]    Minors share the same hyphenated combination of surnames that begin with the initials H and C, but the record and briefing do not consistently use the same surname initials for each child.  For consistency, and with no disrespect intended, we use the first surname initial (H) for both of them.

1

father, S.H. (Father), but bypassing reunification services to mother, K.L. (Mother). On appeal, Mother contends the juvenile court erred because (1) the Sonoma County Department of Social Services (Department) failed to make "active efforts" to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family, as required under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law (§ 361.7); and (2) reunification with Mother was in the children's best interests.

While the appeal was pending, the juvenile court granted Mother's modification petition under section 388 and ordered that she receive reunification services with the children. Because Mother has received the relief she seeks in this appeal, we agree with the Department that the appeal is moot and grant its motion to dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2024, the Department filed a dependency petition on behalf of Z.H. (aged 3) and L.H. (newborn) pursuant to section 300, subdivisions (b)(1), and (g), alleging the children have suffered or were at substantial risk of suffering serious physical harm or illness due to substance abuse by Mother and Father.

The petition further alleged that Mother had a long history of treatment-resistant substance abuse, that she had misused substances during her pregnancies with both children, and that she had recently failed to appear for a scheduled intake appointment to enter residential treatment at Women's Recovery Services (WRS). Mother was arrested on January 4, 2024, and held without bail for probation violations and new drug use-related charges. Father also allegedly struggled with substance abuse and had not taken adequate steps to protect the children and meet their basic needs.

Based on Mother's report that she was a registered member of the Confederated Tribes of Coos, Lower Umpqua and Siuslaw Indians ("Tribe"), along with the Department's report of its interviews with the parents, relatives, and extended family members, the juvenile court found that ICWA applied. The court ordered the children detained and temporarily placed with their maternal grandparents.

On February 8, 2024, the Department filed its jurisdiction and disposition report recommending that the juvenile court sustain the dependency petition pursuant to section 300, subdivisions (b) and (g), and declare the children to be dependents of the court, with family reunification services to Mother and Father (after he attained presumed father status). According to the report, Mother stated in an interview that the allegations in the petition were true and correct. Among other things, she agreed that she was not capable of taking care of the children due to her struggles to stay sober, and that the children were safer with their maternal grandparents. Although the Department believed it was unlikely that Mother would rehabilitate and be able to regain custody due to her extensive history with drugs, the Department recommended that she receive reunification services, noting that her presence was missed in the children's lives.

At the jurisdiction hearing on February 14, 2024, the juvenile court elevated Father to presumed father status. The court sustained the petition as pled under section 300, subdivisions (b) and (g), and found the children to be Indian children. The court continued the matter for a disposition hearing.

The Department subsequently filed an addendum disposition report recommending that Father receive reunification services, but that services be bypassed for Mother pursuant to section 361.5, subdivision (b)(13). According to the report, Mother left the WRS drug treatment facility on the same day

3

she arrived, was hospitalized after overdosing, and was again incarcerated for violating probation.

At the contested disposition hearing on April 22, 2024, the juvenile court heard testimony from social workers, ICWA representative and designated Indian expert, Shayne Platz, and the parents. After the close of evidence and argument, the juvenile court found, based on clear and convincing evidence, that the Department had made active efforts to provide remedial services and a rehabilitative program designed to prevent the breakup of Mother's Indian family that proved unsuccessful. The court declared the children dependents of the court, removed them from their parents' custody, and ordered reunification services to Father, but bypassed reunification services to Mother under section 361.5, subdivision (b)(13), based on its finding that ordering services for Mother was not in the children's best interests.

On April 23, 2024, Mother filed a timely notice of appeal. On November 19, 2024, the Department concurrently filed its respondent's brief and a motion to (1) augment the record or, in the alternative, take judicial notice; and (2) dismiss the appeal. The Department explained that on October 4, 2024, Mother filed a section 388 petition requesting reunification services based on evidence that she had graduated from WRS, was engaging in DAAC Peri Aftercare, and was maintaining her sobriety. On November 7, 2024, the juvenile court granted Mother's petition.

Mother did not oppose the Department's motions to augment or dismiss, nor did she file a reply briefing responding to the Department's argument that the appeal is moot. On December 6, 2024, we granted the motion to augment the record but deferred ruling on the motion to dismiss.

4

## DISCUSSION

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed." (*In re N.S.* (2016) 245 Cal.App.4th 53, 59 (*N.S.*).) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*Id.* at p. 60, citing *In re Michelle M.* (1992) 8 Cal.App.4th 326, 328–329 and *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1546–1547 (*Joshua C.*).)

Here, Mother's appeal challenges the juvenile court's disposition findings and orders that the Department made active efforts to provide services to prevent the breakup of an Indian family that ultimately proved unsuccessful, and that reunification services to Mother were not in the children's best interests and would therefore be bypassed under section 361.5, subdivision (b)(13).[2] In her opening brief, Mother asks that the juvenile court's bypass ruling be reversed "and remanded with instructions to provide mother with reunification services." It is undisputed that the juvenile court granted Mother's post-appeal request for reunification services, with the support of the Department, Father, and the Tribe. Thus, although the dependency case is still ongoing, Mother has already received the specific remedy she seeks in this appeal.

---

[2] This statute provides in relevant part that reunification services "need not be provided . . . when the court finds, by clear and convincing evidence," that a parent has a history of extensive, abusive, and chronic use of drugs and has resisted prior court-ordered treatment in the three-years immediately prior to the filing of the petition or has refused to comply with a drug treatment program in the case plan on at least two prior occasions. (§ 361.5, subd. (b)(13).)

5

Meanwhile, Mother does not challenge the juvenile court's jurisdiction findings or its decision to declare the children wards of the court. And while her opening brief makes extensive references to the Department's various legal duties regarding inquiry and notice under ICWA, she raises no claim of error relating to the Department's satisfaction of those particular obligations. Rather, Mother's claim of ICWA error focuses more narrowly on whether the evidence supported the juvenile court's finding under section 361.7, subdivision (a), that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."

Even if we were to find reversible ICWA error, we would not be able to provide any relief that Mother has not already received through her successful post-appeal section 388 petition. Mother identifies no continuing effects of the juvenile court's initial "active efforts" finding on future proceedings. (See, e.g., *Joshua C.*, supra, 24 Cal.App.4th at pp. 1546–1547 [appeal was not moot because jurisdictional findings continued to adversely affect appellant's visitation and custody].) And even if Mother later encounters problems with the sufficiency of reunification services that may be said to call into question the Department's "active efforts" under section 361.7, those issues would be based on post-appeal facts and evidence beyond the scope of this appeal. As such, Mother's appeal based on her specific claim of ICWA error is moot.

The same goes for Mother's second argument that the juvenile court erred in bypassing reunification services under section 361.5, subdivision (b)(13). Under that provision, reunification "need not be provided to a parent or guardian described in this subdivision" when the court finds by clear and convincing evidence that the parent meets one or more of criteria of

6

subdivision (b). Where a parent is described in certain subsections of subdivision (b) (including subdivision (b)(13), which is at issue here), section 361.5, subdivision (c), provides that "[t]he court shall not order reunification . . . unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child."

In challenging the juvenile court's bypass ruling, Mother contends the Legislature intended for parents like her "to have at least one chance at reunification with her children during the first dependency case," and that substantial evidence in this case supported the likelihood of a successful reunification. But even if Mother is correct, there is no effective relief to grant, as she has now been given the "one chance to reunify" that she claims the court erroneously withheld from her in its original disposition ruling. And because the standards for bypassing reunification no longer apply, if there are any future matters for review, they will likely involve whether the services provided to Mother were reasonable, and whether there is a substantial probability that the children will be returned to her based on her progress in addressing the substance abuse problems that led to the dependency. (See § 361.5, subd. (a)(3)(A).) Those issues are beyond the scope of the briefing and record in this appeal.

As this case does not pose an issue of broad public interest that is likely to recur and there is no likelihood of the recurrence of the same controversy between the same parties or others (*N.S.*, *supra*, 245 Cal.App.4th at pp. 58–59), we grant the Department's motion to dismiss this appeal as moot.

**DISPOSITION**

The appeal is dismissed.

7

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.