Filed 8/19/25  In re H.E. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| In re H.E. et al., Persons Coming Under the Juvenile Court Law. | |
| | D085316 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ16004A&B) |
| v. | |
| L.E., | |
| Defendant and Respondent; | |
| H.E. et al., | |
| Appellants. | |

APPEAL from orders of the Superior Court of San Diego County, Nadia J. Keilani, Judge.  Dismissed.

Linda Rehm, under appointment by the Court of Appeal, for Appellant H.E.

Neale B. Gold, under appointment by the Court of Appeal, for Appellant S.E.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Evangelina Woo, Deputy County Counsel, for Plaintiff and Respondent.

Leslie A. Barry, under appointment by the Court of Appeal, for Respondent L.E.

Children H.E. and S.E. appeal the juvenile court's orders dismissing juvenile dependency petitions filed on their behalf by the San Diego County Health and Human Services Agency under Welfare and Institutions Code section 300, subdivision (b)(1)(C). The children assert the juvenile court erred by declining to sustain the petitions as pled or to amend the petitions to conform to proof.

L.E., the children's grandmother and legal guardian, moves to dismiss the appeal because the juvenile court declared the children dependents of the court in subsequent petitions. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we dismiss this appeal as moot and decline to exercise our inherent discretion to consider its merits.

I.

The Agency's petitions alleged the grandmother willfully or negligently failed to provide adequate food, clothing, shelter, or medical treatment, causing a substantial risk of physical harm or illness, under section 300(b)(1)(C). This was based on the grandmother "express[ing] an unwillingness and inability to care for the child[ren] . . . , including at least five times in front of the child[ren]." These incidents included the grandmother requesting law enforcement remove the children from her care

2

and threatening to abandon them. The Agency received six referrals regarding the family between April and August 2024.

At the contested jurisdiction hearing, the court received evidence that the grandmother: (1) physically and verbally abused S.E., (2) stated she no longer wanted to care for one or both of the children on multiple occasions, and (3) appeared to lack the ability to care for the children. Nonetheless, the court found the evidence insufficient to make true findings on the petitions as pled. The court determined the evidence did not establish the grandmother failed to provide the children adequate food, clothing, shelter, or medical treatment as required by section 300(b)(1)(C). Although the court believed the grandmother was "not equipped to care for" the children "any longer," it determined the Agency had improperly pled the case under section 300(b)(1)(C). The court declined to amend the pleadings to conform to the evidence, finding that doing so would violate the grandmother's due process rights.

In this appeal, the children argue substantial evidence supported the petitions, or, alternatively, the court abused its discretion by failing to conform the petitions to proof. The Agency filed a joinder to the children's appeals, agreeing the court erred by declining to conform the evidence to proof. The Agency also requested appointment of appellate counsel for the grandmother as a respondent. We previously granted that request.

After filing new dependency petitions on behalf of the children in early 2025, the Agency requested we take judicial notice of the juvenile court's minute orders from the detention hearings. In the requests for judicial notice, the Agency explained the juvenile court's decisions "may render [the children's] appeal[s] moot if a true finding is made and [they are] adjudicated . . . dependent[s]." We grant the Agency's requests. (Evid. Code, §§ 452(d),

3

459(a); *In re N.S.* (2016) 245 Cal.App.4th 53, 58–59.)  At the hearings, the court found the Agency made a prima facie showing for initial detention under section 300(c) as to S.E. and section 300(g) as to H.E.

The grandmother then filed a request for judicial notice of the juvenile court's July 9, 2025, minute orders from the contested adjudication and disposition hearings on the new petitions.  We grant that request.  (§§ 452(d), 459(a); *In re N.S.*, 245 Cal.App.4th at pp. 58–59.)  At that hearing, the court made true findings on the petitions, finding jurisdiction over S.E. under section 300(c), finding jurisdiction over H.E. under section 300(g), and declaring the children dependents of the court.  Based on those orders, the grandmother also moves to dismiss this appeal as moot.

S.E. filed an opposition to the motion to dismiss, which H.E. joined. The Agency does not oppose the motion.

## II.

We agree with the grandmother that the juvenile court's July 9, 2025, orders taking jurisdiction over the children and declaring them dependents of the court render this appeal moot.  We decline to exercise our inherent discretion to consider the merits of the appeal.

## A.

An appeal is moot when subsequent events prevent the court from being able to grant the appellant effective relief.  (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  Effective relief exists where there is ongoing harm "redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*)  The existence of "a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings is what determines whether the case is moot." (*Id.* at p. 283.)  An appellant cannot use speculative future harm to avoid a finding of mootness. (*Id.* at p. 278.)

Here, there is no ongoing harm because the court has taken jurisdiction over the children, and they have been declared dependents of the court and removed from the grandmother's custody. The children rely on speculative future harm in arguing the appeal is not moot. S.E.'s opposition states a "continuing controversy" exists because "the same situation could reoccur again in the future if" he is returned to the grandmother. Thus "S.E. wants to know" if the court committed error "to protect him in the future." S.E. seeks clarification whether, if the grandmother "continually threaten[s] abandonment of S.E. in the future," he can only obtain protection of the juvenile court under the "heightened emotional abuse" standard of section 300(c), not under section 300(b). This scenario involves speculative harm, which would reoccur only if (1) the juvenile court's current jurisdiction terminates, (2) the children return to the grandmother's custody, (3) the Agency files a new petition under section 300(b)(1)(C) based on the grandmother's continuing to threaten to abandon the children, and (4) the court dismisses that petition.

The children do not point to any specific consequences they would avoid by obtaining relief. The circumstances here are unlike in the cases cited by S.E. for the proposition that orders that have negative consequences in the same or another proceeding are not moot. (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769 [order refusing parent visitation during her incarceration subjected her relationship with child to erosion and might affect her ability to reunify]; *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548 [jurisdictional order litigated issues that would result in collateral estoppel in subsequent family law proceeding].) These cases involved specific, existing consequences, not future uncertainties.

B.

Despite the appeal being moot, we have inherent discretion to reach the merits of the case. (*In re D.P.*, 14 Cal.5th at p. 282.) Courts of appeal generally exercise this discretion "when 'the case presents an issue of broad public interest that is likely to recur'" or "'when there may be a recurrence of the controversy between the parties.'" (*Ibid.*) We decline to do so here for two reasons. First, this case involves the narrow, fact-specific issues whether threats of abandonment amount to the inadequate provision of food, clothing, shelter, or medical treatment, and if not, whether the court should have amended the petitions to conform to proof based on the case-specific evidence provided at the contested hearing. Second, those issues are unlikely to reemerge in this case because the Agency subsequently brought petitions based on different subdivisions and the court made true findings on those petitions.

The issues here do not appear to be broad matters of public interest like those in *In re Raymond G.* (1991) 230 Cal.App.3d 964. There, the court determined "the standard applicable to emergency removal of minors" should be addressed despite the order being moot "because it is an issue capable of repetition yet evading review" and "there are no published cases discussing the prima facie showing necessary for the detention of a minor under section 319." (*Id.* at pp. 967, 970.) This case does not involve so broad of issues as the standard for the prima facie showing to support initial detention, which applies in every juvenile dependency petition. The section 300(b)(1)(C) issue presented here would be repeated only if the parent or guardian engages in threats of abandonment and if the Agency chooses to bring a petition under that section specifically. And the issue would only

6

evade review, as here, when the court has subsequently taken jurisdiction; however, under this scenario the children will remain protected.

Contrary to S.E.'s assertion, even without an opinion on the merits, section 300(b) is not entirely unavailable if a third set of petitions becomes necessary. For example, based on the allegations in the first set of petitions, the Agency might still allege inadequate supervision or protection. (§ 300(b)(1)(A).) Nor does S.E. cite to any authority to support the proposition that jurisdiction is more difficult to prove under section 300(c) than under section 300(b). As he acknowledges, the Agency has obtained a section 300(c) jurisdictional finding as to S.E.

III.

We dismiss this appeal as moot.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


7